## JAMES PARKER *v.* HIRAM YERGER.

New Castle, September Term, 1894.

**Trusts; Powers — execution of; Deeds; Cloud on title; Specific performance.**

M. B., being the owner of one-fourth interest in certain lands, made a deed in trust to E. B. for her own benefit, with power to the trustee to sell on her written order. J. P. purchased and obtained a deed for the other three-fourths interest in said lands, and also paid to M. B. the price for her said one-fourth interest, and obtained a deed from E. B., the trustee, therefor. This last deed purported to be an execution of the power to sell contained in the original trust deed, but referred to no written order from M. B. except by stating that M. B. had written a letter stating that " I give my sanction to the arrangement mentioned in Joseph's letter, and desire Edward to do what is needful," which said letter was written by M. B. as and for such an order. J. P. went into possession of said lands and has occupied same for over twenty years. Afterwards, upon the death of E. B., the trustee, a deed of confirmation of said last deed was made to J. P. by the eldest male issue of the trustee, and by all the heirs-at-law of M. B., she having also died. There were judgments against two of the said heirs prior and at the time of the execution of said last deed of confirmation. On bill for specific performance by J. P. against H. Y. on an agreement by H. Y. to purchase a clear title to said lands, free of incumbrances,— Held, that J. P. could give such a title.

BILL FOR SPECIFIC PERFORMANCE.— Bill filed by James Parker against Hiram Yerger to compel the specific performance of certain articles of agreement entered into between them for the purchase and sale of land.

James Parker, the complainant, being in possession of a lot of land in the City of Wilmington, on the 1st day of January, A. D. 1895, entered into certain articles of agreement in writing with Hiram Yerger, the respondent, by which it was covenanted and agreed on the part of the said James Parker that he would, on the 20th day of February then next following, convey and assure to the said Hiram Yerger a good and sufficient title in fee-simple to the said lot of land, free and clear of all incumbrances; and by which said agreement also, it was covenanted on the part of the said Hiram Yerger that he would, on the sealing of the said agreement, pay $250 in cash as forfeit money in the event of his non-compliance with the further terms of said agreement, and that the remainder of the whole consideration money for said lot of land, being the sum of $6,500, should be assured to the said James Parker, part thereof by a subsequent payment in cash, and the residue by a purchase-money mortgage to be executed upon the delivery of the said deed or deeds.

On the 20th day of February following the execution of the said articles of agreement, the said James Parker tendered himself ready and willing to perform his covenants as set forth in the agreement, and offered to the said Hiram Yerger a deed of bargain and sale purporting to convey the said lot of land to the said Hiram Yerger in fee-simple, clear of all incumbrances. Hiram Yerger then refused to accept this deed or to perform his cove-

14

nants, claiming that the said James Parker had not, and never had, any good and legal title, in fee to the whole of said land, and, that if he did have such a title, it was subject to certain liens and incumbrances which stood on the records against one Margaret R. Bringhurst, and also John R. Bringhurst.

Prior to the possession of, or claims of title to, the lot in question by the said James Parker, a one-fourth interest therein is admitted to have been the property of one Mary D. Bringhurst; and it is as to James Parker's right and title to this one-fourth interest that forms the question of controversy in this case, the said Parker having an undisputed title to the other three-fourths. The said Mary D. Bringhurst, being so seized of the said one-fourth interest in said lot of land, did by indenture bearing date the 1st day of May, A. D. 1842, convey and assure unto Edward Bringhurst and Davis H. Hoopes certain real and personal property, including the one-fourth interest in question in trust for the sole use and benefit of the said Mary D. Bringhurst during her natural life; and in further trust, to sell and convey by deed duly executed, the said one-fourth interest when the said Mary D. Bringhurst should request, and to such person or persons as she should designate, either by her last will and testament or by any other instrument whatsoever. Subsequently the said Mary D. Bringhurst intermarried with one George V. Moody, and the said Mary D. Moody and George V. Moody, her husband, by indenture bearing date the 12th day of December, A. D. 1842, did fully ratify and confirm the deed of trust to the said Edward Bringhurst and Davis H. Hoopes. And said Davis H. Hoopes after-

wards ceased, by legal formalities, to be cotrustee with the said Edward Bringhurst; and the said Edward Bringhurst became sole trustee for the said Mary D. Moody under the terms of the deed of trust; and the said Edward Bringhurst, sole trustee, by indenture bearing date the 18th of December, A. D. 1863, conveyed and assured unto the said James Parker, in fee, the one-fourth interest in question, and the said Mary D. Moody, by a writing under her hand, dated the 31st day of October, A. D. 1863, authorized and requested the said Edward Bringhurst to convey the above described property in the words following: " I give my sanction to the arrangement mentioned in Joseph's letter, and desire Edward to do what is needful," the said words occurring in a letter from Mary D. Moody to Joseph and Edward Bringhurst in reply to a previous letter from Joseph to her informing her that the title to her interest in said property could not be conveyed without her consent, etc. Subsequently, the said George V. Moody and the said Mary D. Moody both died, the said Mary D. Moody being the survivor, and died in the year 1886, intestate, leaving to survive her as her only heirs-at-law Edward Bringhurst, Jr., Margaret R. Bringhurst, John R. Bringhurst and William Bringhurst; and the said Davis H. Hoopes and Edward Bringhurst, said former trustees, also died — the said Hoopes in the year A. D. 1880, and the said Bringhurst in the year A. D. 1884. The said Edward Bringhurst, Jr., the eldest male issue of the said Edward Bringhurst, sole trustee, and Edward Bringhurst, Jr., Margaret R. Bringhurst, John R. Bringhurst and William Bringhurst, the said heirs-at-law of the said Mary

D. Moody, by indenture dated the 31st day of January, A. D. 1895, conveyed the one-fourth interest in question of the said Mary D. Moody to the said James Parker in fee.

The said James Parker paid unto the said Edward Bringhurst, trustee for Mary D. Moody, the purchase money for the one-fourth interest in said land of the said Mary D. Moody, and has occupied said land from 1863 to the present time.

The questions raised on argument were:

1. Was the deed of Edward Bringhurst, as sole trustee of Mary D. Bringhurst, to James Parker, a proper execution of the power of sale and conveyance provided for and authorized in the trust deeds of Mary D. Bringhurst to Edward Bringhurst and Davis Hoopes in trust, and of Mary D. Bringhurst, as Mary D. Moody, and her husband to the said Edward Bringhurst and Davis H. Hoopes to confirm said first deed in trust.

2. If said deed was not a proper execution of the power and sale and conveyance so provided for and authorized, did the powers so vested in the said Edward Bringhurst, as trustee, descend to and upon his eldest male issue, Edward Bringhurst, Jr.?

3. If the answer be "no" to either of these questions, did not Mary D. Bringhurst's right and title to the one-fourth interest in the lot in question descend to her heirs-at-law, Edward Bringhurst, Jr., Margaret R. Bringhurst, John R. Bringhurst and William Bringhurst, and as their property become subject to certain liens standing against two of the said heirs, Margaret R. and John R. Bringhurst?

H. H. Ward, for complainant.

The hearing takes place upon the bill and answer, which admits all substantial allegations of the bill, except that James Parker has a clear and unincumbered title to the premises in question. The sole question involved is the question of title, the complainant being ready to convey and the defendant ready to accept the property, if, upon the judgment of this court, the complainant can convey "a title in fee-simple, clear of all incumbrances and all manner of liens whatsoever." The title of the complainant depends upon the various exhibits appended to the bill of complaint, together with such facts as appear on the face of the bill of complaint, which have been admitted by the answer. The only alleged liens or incumbrances involved are the judgments against John R. Bringhurst and Margaret R. Bringhurst in the answer of the defendant.

The deeds running directly to James Parker are the deeds of Edward Bringhurst, trustee, to the said James Parker, bearing date the 18th day of December, A. D. 1863, and the deed of Edward Bringhurst, Jr., eldest male heir of Edward Bringhurst, trustee for Mary D. Moody, deceased, Edward Bringhurst, Jr., and wife, Margaret R. Bringhurst, John R. Bringhurst and wife, and William Bringhurst, heirs-at-law of the said Mary D. Moody, deceased, to the said James Parker, bearing date the 31st day of January, A. D. 1895. The only questions which involve the title to the premises arise upon the said deed of Edward Bringhurst, trustee, to James Parker. The questions arising out of that deed run back through that deed to the deeds of Mary D.

Bringhurst to Edward Bringhurst and Davis H. Hoopes, trustees, bearing date the 1st day of May, A. D. 1842, the deed of Mary D. Moody (formerly Bringhurst) and George V. Moody to the said Edward Bringhurst and Davis H. Hoopes, trustee, bearing date the 12th day of December, A. D. 1842, and the deed of Davis H. Hoopes, Mary D. Moody and George V. Moody, her husband, to said Edward Bringhurst in trust, bearing date the 9th day of November, A. D. 1843. The question arising under said deed of Edward Bringhurst, trustee, to James Parker, is whether that deed is a proper execution of the power of sale and conveyance provided for and authorized in the deeds of Mary D. Bringhurst to Edward Bringhurst and Davis H. Hoopes, trustees, and Mary D. Moody and George V. Moody, her husband, to the said Edward Bringhurst and Davis H. Hoopes, trustees.

. If the court should be of the opinion that the deed of Edward Bringhurst, trustee, to James Parker does not constitute a proper execution of the sale authorized by the deed of trust of Mary D. Bringhurst, the court will be asked to consider whether the deed of Edward Bringhurst, Jr., eldest male heir of Edward Bringhurst, trustee for Mary D. Moody, deceased, Edward Bringhurst, Jr., and wife, Margaret R. Bringhurst, John R. Bringhurst and wife, and William Bringhurst, to the said James Parker does not fully cure such defective execution of the power of sale, being a deed from the eldest male heir of a sole trustee, in which all the heirs-at-law of the *cestuis que trust* have joined, and being a quitclaim deed and a confirmation deed to said James Parker, the present holder. Whether this confirma-

tion deed amounts to a full and complete curing of this title will depend upon certain other legal considerations. In behalf of the defendants, it will probably be claimed that upon the death of Mary D. Moody the trust originally created by her deeds became a dry or passive trust, and that thereupon it must be presumed that the trustee has done the only thing which was left for him to do, and has conveyed the legal estate to the heirs-at-law of Mary D. Moody; and that, as a consequence, judgments recovered against Margaret R. Bringhurst and John R. Bringhurst, who were certain of the heirs-at-law of Mary D. Moody, would attach to said lands as liens.     And the defendant will consequently further contend that the said deed of confirmation could not bind such creditors or bar their rights in the premises, being *res inter alios acta*.

In opposition to this contention of the defendant it will be maintained by the complainant:

First. That the words of limitation in the deeds creating the original trust were such as vested in the trustees a full fee-simple title, and that the powers of the trust require that such fee-simple title should be vested in said trustee, inasmuch as they were authorized under certain circumstances to convey a fee-simple title.

Second. That mere lapse of time, or the fact that the trust has become a dry trust, or that there is no particular purpose which requires separation of the legal and equitable estates, will not raise a presumption of a surrender or reconveyance of the legal estate by the trustees.

Third. That there are no facts before the court which can be cited as evidence, indicating, or tending to prove,

that such a surrender or reconveyance was ever made of the legal title by the trustees; but that, on the other hand, it appears that James Parker, and not the heirs-at-law, has been the occupant of the land in question from 1863 down to the present date, holding under an adverse title to the heirs-at-law, and under a color of title, and that there is an express admission on the part of the heirs-at-law of Mary D. Moody, in the deed of January 31, A. D. 1895, being the deed of Edward Bringhurst, Jr., eldest male heir of Edward Bringhurst, trustee·for Mary D. Moody, deceased, Edward Bringhurst, Jr., and wife, Margaret R. Bringhurst, John R. Bringhurst and wife, and William Bringhurst, to the said James Parker; that such surrender and reconveyance never took place, but that such legal estate remained in the trustee until his death, and thereupon devolved upon Edward Bringhurst, Jr., his eldest male heir.

Fourth. That there will be no presumption of the reconveyance or surrender of a legal title by a trustee to the *cestuis que trust,* or her heirs-at-law, when such a presumption would defeat a just title.

Fifth. That, as a matter of law applicable to the facts in this case, the legal estate did remain in the said Edward Bringhurst, trustee, and in his eldest male heir, Edward Bringhurst, Jr., until the conveyance of the same to the said James Parker, by the deed of January 31, A. D. 1895, aforesaid, being the confirmation deed; and, therefore, that such confirmation deed cured every defect of title complained of by the defendant, including the supposed lien of said judgments against Margaret R. Bringhurst and John R. Bringhurst.

And in further answer to said contention of the defendant, it will be further maintained that granting for the purposes of argument that by legal presumptions, or by operation of law, the legal estate was, on the death of Mary D. Moody, duly vested in her heirs-at-law; that as it cannot be contended but that James Parker actually bargained for the land in question, including Mary D. Moody's interest therein, and actually paid full consideration therefor, such legal estate so vested in said heirs-at-law of Mary D. Moody would come down to them as a dry or constructive trust for the said James Parker; and that, as a first consequence, the said heirs-at-law of Mary D. Moody would be bound to convey the same to James Parker upon his request; and, as a second consequence, that the judgments against such heirs-at-law of Mary D. Moody would not be effective liens thereon, and that even under the contention of said defendant said confirmation deed of January 31, A. D. 1895, being exactly what a court of equity would have ordered under the circumstances and in the premises, would be a complete and perfect cure of such defects in the title.

And lastly, in reply to the said contention of the defendant, it will be maintained that the said James Parker, having held said title by adverse and continuous possession of the premises, under color of title, for upwards of twenty years, to-wit, for a period of thirty-one years and upwards, that the title of the said James Parker is, therefore, full and complete thereto under the laws of the State of Delaware.

The propositions of law upon which the argument of the complaint is based will be as follows: No at-

tempt has been made to make an exhaustive citation of authorities, because all of the propositions invoked are well recognized, and only such authorities are cited as are most readily available and as will be sufficient to call the attention of the court more completely to the law.

A suit for the specific performance of a contract for the sale of lands may be maintained by the vendor. 22 Am. & Eng. Ency. of Law, 947, etc.

The vendor, to maintain an action for specific performance of a contract for the sale of land, must be ready and able to convey a marketable title, which is defined as " a title that is free from reasonable doubt." 22 Am. & Eng. Ency. of Law, 948-962 and notes.

The deed of Edward Bringhurst, trustee, to James Parker, bearing date the 18th day of December, A. D. 1863, was in fact a substantial and even a strict compliance with the condition provided in the original trust deeds. In the deeds creating this trust it was provided that such trustees should hold the land, *inter alia*, " in further trust that the said parties of the second part shall sell and convey, by deed duly executed, the above-described property, real and personal, or any part thereof, when the said Mary may request, to such person or persons as she may designate, either by her last will and testament or by any other instrument whatsoever." Under this provision any writing in which the said Mary D. Moody should convey to the trustee her authority to sell and transfer the land in question to any person would be adequate for such purpose. Even a simple letter, being a part of a correspondence between the trustee and the *cestuis que trust*, would, if it sufficiently

appeared in the deed what such correspondence was, and the purport thereof, be a sufficient authority and direction, because such a letter would for this purpose be an "instrument." A reading of the deed of Edward Bringhurst, trustee, to James Parker clearly shows that such an instrument came into the hands of the trustee, authorizing him to make this sale and conveyance. The recitals of this deed bind all parties and privies thereto. If the court is satisfied from the reading of this deed that such a letter was written, transmitting the proper authority to the trustee to make this conveyance, and that the trustee in said deed acted thereon and pursuant thereto, the title made by such deed must be considered free from reasonable doubt, and, therefore, a good title and such as this defendant should be ordered to accept. In this connection, also, it should be considered by the court that there is no evidence that there has ever been any claim on the part of anyone during the last thirty-one years and upwards; that the authority so recited in said deed of trust was not considered sufficient by the said Mary D. Moody and her heirs-at-law for all purposes, and that the lapse of such a period of time now constitutes a complete bar to any future claim; that such authority was not adequate, or that the trustee did not strictly follow the course laid down for him in the said deed of trust. Hill on Trustees, *264, note, *267; Perkins v. Cartmell, 4 Harr. 270, 277.

If, however, the court be of the opinion that the title carried by the deed of Edward Bringhurst, trustee, to James Parker is not free from reasonable doubt, we

must turn to the other consideration of law and fact outlined in the earlier part of this argument.

A reference to the deeds creating the trust in question will show that the first deed, being the deed of Mary D. Bringhurst to Edward Bringhurst and Davis H. Hoopes, trustees, was inartistically drawn, there being no words of limitation to the heirs and assigns of the trustees. The second deed, however, being the deed of Mary D. Moody and George V. Moody, her husband, confirming the trust, after the marriage of the said Mary D. Bringhurst to the said George V. Moody, leaves nothing to be desired on the point of technical language, inasmuch as the lands in question are in that deed conveyed to the said Edward Bringhurst and Davis H. Hoopes, their heirs and assigns, " to have and to hold the same unto the said Edward Bringhurst and Davis H. Hoopes, their heirs and assigns, to their only proper use and behoof, in trust," etc., so that under the second deed not only the legal estate but the first use is vested in the trustees, which formula, under the Statute of Uses, would vest in them the legal estate in fee-simple and make every subsequent use a trust. In addition to this technical verbiage, there appears also in the object of the trust a reason why they should take a fee-simple title, inasmuch as they were bound under certain conditions to convey a fee-simple. Hill on Trustees, *248, *250, *251, *235, *231; Lore's Lessee v. Hill, 3 Harr. 530, 537, 538.

The mere lapse of time, or the fact that the trust has become a dry trust, or that there is no particular purpose which requires separation of the legal and equitable estates, will not raise a presumption of a surrender

or reconveyance of the legal estate by the trustees. Lore's Lessee v. Hill, 3 Harr. 530-537; Hill on Trustees, *253, *256, *257; McMullin v. Lank, 4 Houst. 648, 655.

This trust is not in its creation a dry or passive trust, and the Statute of Uses will not act thereon. Hill on Trustees, *229, *230.

In order that there should be a presumption that the trustee has surrendered · or conveyed the legal estate, there should be facts before the court which tend to prove that such surrender or reconveyance was made. In this case, however, no such facts appear, but, on the other hand, it does appear that James Parker and not the said Mary D. Moody, or her heirs, has been in possession of the premises, and claiming a title ever since the making of the deeds of 1863·.

In addition to this negative evidence of nonoccupancy by Mary D. Moody, or her heirs, and the positive evidence of the possession and claim of James Parker, there is an express admission on the part of the heirs of Mary D. Moody in the confirmation deed of January 31st, 1895, that such surrender and reconveyance never took place; but, on the other hand, that the legal title remained in the trustee and his eldest male heir until it was conveyed by him in the confirmation deed to James Parker. Hill on Trustees, *253, *256, *257.

There is, however, in this case an additional and strong reason why a reconveyance and surrender by the trustee of the legal estate will not be presumed. The doctrine of presumption of reconveyance or surrender of the legal estate is an equitable one and intended to perfect and

secure the legal and equitable rights of all parties.    It cannot be invoked to perpetuate a fraud.

In this case a presumption of a reconveyance would defeat the just title of James Parker, a purchaser, and would be a practical fraud upon him.    The general principle is stated as follows:  That there will be no presumption of the reconveyance or surrender of a legal estate by a trustee to the *cestuis que trust*, or her heirs-at-law, when such a presumption would defeat a just title.    Hill on Trustees, *253-*262.

The doctrine enunciated by the court in McMullin v. Lank, 4 Houst. 648-655, above cited, might possibly be called in, if the rights and equities of the creditors of Margaret R. Bringhurst and John R. Bringhurst were the only ones involved.    There is, however, in this case the right and equity of a purchaser which attached to this land thirty years before the judgments against the Bringhursts were obtained.    In this case, therefore, the doctrine that between two equal equities the prior or older shall prevail, would prevent the application of the doctrine of presumed reconveyance to this case.

We are, therefore, drawn to the conclusion upon this line of reasoning, and upon the authorities aforesaid, that the legal estate in the lands in question did remain in Edward Bringhurst, trustee, descended to Edward Bringhurst, Jr., his eldest male heir, and were by him conveyed in the deed of January 31st, A. D. 1895, aforesaid, to James Parker.    If this reasoning be correct, the confirmation deed of 1895 vested in James Parker the entire legal and equitable estate in this land, and there was never any legal estate in John R. Bringhurst or Margaret R. Bringhurst to which the judgments against

them could attach, and James Parker is, therefore, the owner, and can convey to the defendant a title in fee-simple, clear of all incumbrances and all manner of liens whatsoever.

If it be the opinion of the court, however, that by legal presumption or by operation of law the legal estate was, on the death of Mary D. Moody, duly vested in her heirs-at-law, the conclusion of the court in this case must be the same as that which is drawn in such cases in the preceding argument. It is admitted that James Parker actually bargained for the land in question, including Mary D. Moody's interest therein, and actually paid full consideration therefor. This bargain and sale and payment of consideration raised *ipso facto* a constructive trust in favor of said James Parker, because it would be contrary to conscience that Mary D. Moody should receive the purchase money for lands, under a contract of sale, and retain the title thereto. If, therefore, the legal estate vested in her heirs-at-law, upon her decease, such legal estate came down to such heirs in trust for the said James Parker, and such heirs-at-law were bound to convey the same to James Parker upon his request. 10 Am. & Eng. Ency. of Law, 60, 61, and notes; Hill on Trustees, *144, *171.

The legal estate which the heirs of Mary D. Moody would receive by this chain of reasoning, being held in trust for James Parker, would not, of course, be subject to the lien of judgments against such heirs-at-law. Hill on Trustees, *269.

These heirs-at-law, by their deed, therefore, did exactly what a Court of Chancery would have compelled them to do, when they conveyed their interest in

said lands to James Parker, and, therefore, from this point of view, also, said confirmation deed corrects all defects in the title in question. 18 Am. & Eng. Ency. of Law, 980-984, and notes.

But outside of any confirmation deeds, the title of James Parker to the lands in question is, under our law, complete by adverse possession. In this case, by the deed of Edward Bringhurst, trustee, to James Parker, of 1863, there was an open and express denial of the right of the *cestuis que trust* to this land, which was then placed of record, so that for such trustee, and the persons holding under him, the Statute of Limitations began then to run. Lore's Lessee v. Hill, 3 Harr. 530-535; Perkins v. Cartmell, 4 id. 270-277; Hill on Trustees, *264, and notes, *267.

Considering the continuous and adverse possession of James Parker for the last thirty years by itself, and unassociated with that of the trustee, the title of James Parker, based upon such opposition, becomes still clearer. Code, 1893, chap. 122, §§ 1, 2, p. 87; Perkins v. Cartmell, 4 Harr. 270, 277; Inskeep v. Shields et al., id. 345, 346; Bright v. Stephens, 1 Houst. 31-34; Bartholomew v. Edwards, id. 17, 22, 23.

Harry Emmons, for respondent.

WOLCOTT, CHANCELLOR.— Let the decree be entered as follows:

And now, to-wit, this 25th day of February, A. D. 1895, the above-stated cause having come on to be heard upon bill and answer, and the arguments of counsel having been made thereon, and it appearing to the court

that the said James Parker, said complainant, is seized of, in and to the said lands and premises, in said bill of complaint described, in his demesne as of fee, and that he can convey a clear and unincumbered title thereto, it is hereby ordered, adjudged and decreed that the said Hiram Yerger, said defendant, specifically perform the said agreement for the sale of the lands and premises in said bill of complaint set forth, and that said defendant pay unto the said complainant the remainder of said purchase money in said agreement for sale mentioned; and it is further ordered and decreed that upon the payment of the whole of said purchase money by said defendant to said complainant, the said complainant shall make, execute and deliver a proper conveyance of said lands and premises to the said defendant, and let the said defendant into the possession of said premises, according to said agreement of sale.

And it is further ordered that the said complainant pay the costs of this proceeding, and said costs are hereby taxed at the sum of $31.66.