NATHAN BARSKY and ROSE BARSKY, his wife,

*vs.*

ALBERT W. POSEY, JOHN R. WRIGHT, JAMES DUFFAS WRIGHT and SARAH E. D. COYLE.

*New Castle, June 28, 1916.*

Where a party received a valuable consideration for a one-seventh interest in premises, and acknowledged as his deed a conveyance not in fact signed by him, having parted with all his interest in the property, he and parties claiming under him are estopped to set up a title adverse to the grantee in the deed and those claiming under it.

In suit for specific performance of a contract to buy land, a title will be sustained, though a deed in complainant's chain read "north" for "south"; a description obviously impossible, bearing unmistakably on its face its own correction.

In suit for specific performance of a contract to buy land, where a deed in complainant's chain of title conveyed ways and appurtenances, and there was testimony to the existence and continued use of an alley before and since the deed, which failed to mention the use of the alley by the grantee, the defect in the title was not real.

In suit for specific performance of a contract to buy land, where complainants claimed title under mortgagors, and there was testimony of witnesses, for thirty-six years owners or part owners of the premises, that no interest on the mortgage debt had been paid or demanded, a presumption of payment of the mortgage arose, so that the mortgage, though in fact unsatisfied of record, was not a valid reason for declining to fulfill the contract.

BILL FOR SPECIFIC PERFORMANCE. In this case there was a valid agreement in writing for the sale by the complainant, Nathan Barsky, to the defendant, Albert W. Posey, of a lot of land and dwelling house No. 402 East Fourth Street, in the City of Wilmington, and a refusal by the defendant to accept the title based on certain alleged defects in the title of the complainant, and that there was of record a certain unsatisfied mortgage on the premises.

Testimony of witnesses was heard before the Chancellor by agreement of solicitors, and the case was heard on the original reinstated bill, answer, exhibits and testimony. The facts sufficiently appear in the opinion.

*Lilburne Chandler*, for the complainants.
*William S. Prickett*, for the defendants.

THE CHANCELLOR. The objections of the defendant Albert W. Posey, to the title to the land described in the deed tendered by the complainant to the defendant will be considered separately.

1. The complainant acquired title among other deeds, under a deed dated October 20, 1871, and duly recorded, wherein one Duffas Wright, being then the owner of an undivided seventh interest and share in the property, appears as one of several grantors. By the record of the deed (the original not being produced) Duffas Wright did not sign the deed; but he joined with the other grantors in signing a receipt of the payment of the purchase money, and as appears by the certificate of the Notary Public on the deed, acknowledged it in due form.

From these facts it is clear that Duffas Wright, having received a valuable consideration for his interest in the premises and acknowledged as his deed a conveyance not in fact signed by him, and having so parted with all his interest in the property, both he and any one claiming under him would be estopped to set up a title adverse to the grantee in that deed and those who took title under it. When a proper case of estoppel exists it becomes not only a muniment of title, but effects a transfer of title. *Doe d. Potts v. Dowdall*, 3 *Houst.* 369, 11 *Am. Rep.* 757.

2. In the record of the deed from Duffas Wright and others to John G. Baker, under whom the complainant claims title, dated October 20, 1871 (the original not having been produced), the property is described as being on the north side of Fourth Street instead of on the south side. This error does not exist in any deed respecting the property made before or after the one above referred to. A reading of the description makes it apparent that there was a clerical error in use of the word "north"

for "south." The description is an obviously impossible one, and bears unmistakably on its face its own correction. Furthermore, there is testimony of witnesses who owned the property as to the identity of that claimed by the complainant with that erroneously described in the above mentioned deed. In *Dougherty v. Carberry*, 7 *Pennewill*, 56, 75 *Atl.* 789, the court sustained a title where there was a mistake of the same general kind, though there was no testimony of identity.

3. In the deed for the premises dated March 24, 1905, made by Edward Betts and others to Alfred Betts, under whom the complainant claims title to the premises in question, no mention is made of the use by the grantee of a certain alley. This error does not occur in any of the other deeds concerning the property. By testimony of witnesses it was shown that such an alley as described in deeds prior and subsequent to the one containing the error in fact existed and was used by the owners of the premises as appurtenant to the land. In the deed to Edward Betts the grantors in usual form conveyed all ways and appurtenances.

Taking together this language in the deed together with the testimony as to the existence and continued use of the alley before and since the above deed, it is clear that the defect is not a real one.

4. On the record there is an unsatisfied mortgage dated October 29, 1852, made by Sarah Way Wright, trustee, *et al.*, to John Rice for the payment of $138.35, which appears to be a lien upon the property. The complainant claims title under the mortgagors. It was urged by the complainants that the existence of the mortgage unsatisfied of record was not a valid and sufficient reason for a refusal of the defendant to take the title, because the testimony of witnesses who for thirty-six years were owners, or part owners, of the premises, showed that no interest on the mortgage debt had been paid or demanded, and that they had never heard of its existence. A clear presumption of payment arises after thirty-six years non-payment of interest, as was shown by the evidence, and the mortgage though in fact unsatisfied of record is not a valid reason for declining to fulfill the contract.

For the reasons stated, therefore, the objections taken by the defendant, Posey, to the title are not of such character as renders the title unmarketable, - though a captious person might, without duly considering the questions of law involved, look askance at it.   But fortified, as it is, with the protection of at least thirty-six years of continuous and open possession adverse to all the world, as proved in this case, there is no occasion for the purchaser to fear a wise examiner of the title, and no court can give protection from the other kind.   The complainants are, therefore, entitled to a decree as asked for.

As the validity of the record title was strengthened, if not established, by the testimony of witnesses produced in the cause by the complainant, which was not otherwise of record, it is not just to impose the costs of the cause on the defendants, and, therefore, the costs will be put on the complainants.

Let a decree be entered accordingly.