JULIAN KENNEDY, JR.,

Complainant,

O'DONNELL ISELIN, O'DONNELL ISELIN and COLUMBUS O'DONNELL ISELIN, II, Trustees under Deed of Trust, dated April 26, 1932, for Lewis Iselin, Marie I. LaFarge, Adrienne M. Gilbert, LOUISE M. ISELIN, ERNEST ISELIN, JR., Executors of the Estate of Adrian Iselin, ERNEST ISELIN, Liquidating Partner of A. Iselin & Co., ADLIN CORPORATION, COLUMBUS O'DONNELL, II, JOSEPH W. KENNEDY, KATHERINE W. KENNEDY, LOUISE KENNEDY, LOWBER GAS COAL COMPANY, and THOMAS W. KENNEDY,

Intervening Complainants,

*vs.*

EMERALD COAL AND COKE COMPANY, A Corporation of the State of Delaware.

*Sussex, February 8, 1943.*

*Houston Wilson* and *E. Ennalls Berl,* of the firm of Southerland, Berl & Potter, for complainant and intervening complainants.

*Caleb S. Layton* of the firm of Richards, Layton & Finger, for respondent.

PEARSON, Vice-Chancellor: Complainants ask that costs be taxed against respondent, notwithstanding that the bill must be dismissed. They contend that the awarding of costs is within the discretion of the Court of Chancery, and that such discretion should be exercised in their favor under the facts of this case.

The statute relating to costs in equity, *Revised Code of Delaware* (1935), *Section* 4907, provides that "A Court of Equity, * * * shall make such order concerning costs in every case as shall be agreeable to equity." This is in harmony with the familiar doctrine that the taxing of costs is discretionary in suits in equity. The discretion reposed in the court is, however, subject to limitations. As a general rule, the prevailing party is entitled to costs, unless the facts of the particular case are such as to make this clearly inequitable. 3 *Daniel's Chancery Practice, (First Ed.) pp.* 1-7; 20 *C.J.S., Costs,* §10, *pp.* 271-277; 14 *Am.Jur. pp.* 16-18. The following language of the Chief Justice in *Peyton v. Willaim C. Peyton Corporation,* 23 *Del.Ch.* 365, 8 *A.2d* 89, 92, with reference to the taxation of costs of printing the record on

an appeal to the Supreme Court, may well be adopted here as expressive of the kind of discretion which this court exercises in awarding costs generally:

"* * * This discretion is, however, a legal discretion to be exercised, not capriciously or arbitrarily, but in the furtherance of justice; and keeping in mind that costs are considered as allowances made to reimburse the successful party for his expense necessarily and customarily incurred in prosecuting or defending his rights, it is reasonable that he be allowed his expense of having the record made up, certified and printed, unless his adversary can show cause to the contrary, or the nature of the case requires an exceptional determination. The burden is not upon the appellant, as contended by the appellees, to offer a sufficient reason why the discretion of the court should be exercised in his favor. Ordinarily costs of appeal are awarded to the prevailing party; and prima facie such party is entitled to be reimbursed for the expense necessarily incurred by him in having the record prepared, certified and printed."

Complainants state their position as follows:

"(I) This suit was brought by minority stockholders in order to protect the interests of the corporation and not simply those of the complainants.

"(II) This suit was not only brought in good faith, but its institution was motivated by strong and justifiable doubts as to the propriety and real value to the Respondent corporation of the plan under attack. The doubts can be called justifiable, for where there are interlocking directors the law itself throws the burden of proving the fairness of the transaction on the party who tries to uphold it.

"(III) It might be unfortunate, if minority stockholders were deterred from bringing a stockholders' suit in a case where they sincerely and very justifiably thought that the interests of their corporation were threatened, by the thought that if it turned out that they were unsuccessful, the costs would almost inevitably fall on them. * * *"

Numerous Delaware cases are cited in which costs have been imposed in whole or in part upon the successful liti-

gant.[1] From a reading of the authorities, it seems to me that to warrant the taxing of costs against a successful respondent, something more must appear than that the suit was instituted in good faith and upon grounds which may not fairly be characterized as unreasonable. The circumstances that the proceeding was a minority stockholders' suit is not enough to occasion a departure from the general rule. Relying on similar grounds, the complainant in *Karasik v. Pacific Eastern Corp., et al.* (1935) made an oral motion for the taxing of costs against the successful respondent corporation. Chancellor Wolcott denied the motion without opinion.

Here, however, at the time of the institution of this suit, and until the stockholders' meeting in July 1941, various circumstances, including the interlocking directorate relationship between respondent and the corporations with which it was dealing, the short period allowed to stockholders to exercise their pre-emptive rights, the terms of the offering to stockholders, and other facts concerning the adoption and putting forward of the refinancing plan gave such apparent support to the case stated in the bill that they might be expected normally to impel a reasonable man, situated as was the original complainant, to bring suit. From these circumstances, coupled with the complainant's entire good faith, it follows that the complainant was "justified", in the sense that this term is used in *Wittenberg v. Federal Mining & Smelting Co.*, 15 *Del.Ch.* 351, 355, 138 *A.* 352, in filing his bill of complaint. But this "justification" did not extend beyond

---

[1] *Horsey v. Stockley*, 4 *Del. Ch.* 536; *Parker v. Yerger*, 7 *Del. Ch.* 208, 44 *A.* 1099; *Long v. Chandler*, 10 *Del. Ch.* 339, 92 *A.* 256; *Security T. & S. D. Co. v. Ward*, 10 *Del. Ch.* 408, 93 *A.* 385; *Attorney General v. Doremus*, 11 *Del. Ch.* 277, 101 *A.* 868; *Barsky, et ux., v. Posey, et al.*, 11 *Del. Ch.* 153, 98 *A.* 298; *Kingston v. Home Life Ins. Co.*, 11 *Del. Ch.* 258, 101 *A.* 898; *Scully v. Automobile Finance Co.*, 12 *Del. Ch.* 174, 109 *A.* 49; *Wittenberg v. Federal Mining & Smelting Co.*, 15 *Del. Ch.* 351, 138 *A.* 352; *Old Time Petroleum Co. v. Turcol*, 18 *Del. Ch.* 121, 156 *A.* 501; *Stoeckle v. Rosenheim*, 11 *Del. Ch.* 30, 95 *A.* 300; *McDermott v. Wilson*, 20 *Del. Ch.* 212, 174 *A.* 282.

the stockholders' meeting. The action taken at this meeting went far to demonstrate the propriety of what the corporation had previously done, as well as what was proposed for the future. In *McDermott et al. v. Wilson*, 20 *Del.Ch.* 212, 174 *A.* 282, the respondent was violating the complainants' rights when the bill was filed, but corrected his fault before the hearing of the case. (Here, of course, it is not found that the respondent, Emerald Coal and Coke Company, was actually violating any rights). In the cited case, although the bill was dismissed, costs up to the hearing were awarded the complainants and the remaining costs taxed against them. By analogy to the ruling in that case, costs incurred subsequent to the conclusion of the stockholders' meeting on July 21, 1941, would seem properly taxable against the complainant and intervening complainants, but costs prior to that time should be paid by the respondent.

The decree advised is in conformity with this opinion.