GEORGE F. HUBER, EMILY H. ARMOR, CHARLES E. HUBER, JULIA K. HUBER and JULIA HUBER, widow of George H. Huber, deceased,

*vs.*

WALTER H. STEEL, H. HARRISON GRAY and ROBERT S. GALLAGHER, constituting the Board of Education of the Newark Special School District of New Castle County and State of Delaware.

*New Castle, July* 16, 1924.

32 *Delaware Laws, c.* 160, § 52, providing that in ascertaining amount to be paid landowner, whose property is taken, committee of freeholders shall ascertain and assess damages, taking into consideration all circumstances of convenience or injury, but shall allow at least cash value of land taken, is not in violation of *Article* I, *Section* 8 *of the Constitution* as enabling freeholders to award less than fair compensation.

The term "compensation" as used in *Article* I, *Section* 8, *of the Constitution* of this State, does not necessarily mean the intrinsic value of the property taken for public use.

32 *Delaware Laws, c.* 160, § 52, providing for committee of freeholders to assess damages an owner may sustain by taking of property, is not unconstitutional because it restricts power of Associate Judge to set aside award to certain grounds, and does not authorize him to deal with question of compensation generally, since Legislature was under no constitutional duty, either under *Fourteenth Amendment to Constitution of the United States,* or *Constitution of Delaware, Article* I, *Section* 7, to grant owner any right of appeal whatever.

INJUNCTION BILL. The complainants are the owners of a certain farm near the town of Newark and the defendants are the members of and constitute the board of education of the Newark Special School District of New Castle County, duly appointed or elected as such under the provisions of *Chapter* 160, *Volume* 32, *Laws of Delaware. Section* 52 of said chapter provides in part as follows:

"Whenever it shall be necessary to institute condemnation proceedings to acquire any land for school purposes as provided in this article, the board may apply to the Associate Judge of the State of Delaware, resident in the county where such land is located, for the condemnation thereof, and the said Resident

Judge shall thereupon appoint five judicious and impartial freeholders residing in the district applying for such condemnation, to view the premises and assess the damages which the owner, or owners, will sustain by reason of the taking of the said lands for the purpose aforesaid. * * * The said freeholders shall ascertain and assess damages to the owner or owners, taking into consideration all circumstances of convenience or injury, but shall allow, at least, the cash value of the land taken, and shall certify their award to the owner, or owners, and, also to the board applying, and shall return a record of their proceedings, with their finding and award, to the prothonotary of the county in which the proceedings are instituted. If the said freeholders shall be guilty of misconduct in their proceedings, or if they shall make a grossly improper award, the said Judge shall, on application, set aside their award, and shall appoint other freeholders in their place, who shall proceed anew in the manner hereinbefore provided, and in like manner may set aside their finding or award, or the finding or awards of freeholders subsequently appointed for the purpose aforesaid, until a fair and equitable award has been made and accepted. * * * "

On January 19, 1924, the Board of Education of the Newark Special School District instituted condemnation proceedings under said *Section* 52 for the purpose of acquiring title to 4.31 acres of land for school purposes, said land being a part of the farm owned by the complainants. The freeholders who were appointed to assess the damages fixed the same at $3,017. Application was thereupon made by the complainants to the Associate Judge resident in New Castle County to set aside said award and appoint other freeholders for the purpose of making another assessment of damages. On March 31, 1924, this application was denied, the Associate Judge finding that the award was "not grossly improper" either because of gross inadequacy of damages as alleged in the petition, or for any other reason.

The complainants allege in their bill that in assessing the damages in the sum of $3,017 (at the rate of $700 per acre) the freeholders failed to allow fair compensation or a reasonable value for the land, said land having a cash value of at least $1,500 per acre.

The bill alleges that under the proceedings aforesaid the complainants have been deprived of their property without compensation being made therefor within the meaning of *Section* 8, *Article* I, of the *Constitution* of this State; that the act under which the condemnation proceedings were instituted is unconsitutional in

that it enables the commission of freeholders to award damages in a sum less than a fair compensation or the reasonable value of the lands so taken; and that the act is unconstitutional and void for the further reason that said Associate Judge is authorized by the act to appoint a new commission only in the event that "the said freeholders shall be guilty of misconduct in the proceedings or if they shall make a grossly improper award." Wherefore, says the bill, the complainants have been deprived of their property without due process of law in violation of the first section of the *Fourteenth Amendment* of the *Constitution of the United States*, and have been deprived of their property other than by the law of the land in violation of *Section 7, Article I*, of the *Constitution* of this State.

The bill also alleges that, unless restrained by this court, the defendants will go upon and take possession of the said land to the irreparable injury of the complainants.

In addition to the usual prayers, the bill seeks an injunction perpetually enjoining the defendants, their successors, agents, etc., from going upon or taking possession of or in any manner using or attempting to use the said land.

A demurrer was filed to the bill, and the cause came on for hearing upon the demurrer.

*James R. Morford*, for the complainants.

*John P. Cann* and *John P. Nields*, for the defendants.

THE CHANCELLOR.    The *Constitution* of this State, in *Section 8, Article I* thereof, provides *inter alia* as follows:

"  *  *  * Nor shall any man's property be taken or applied to public use without the consent of his representatives, and without compensation being made."

In construing exactly similar language in the *Constitution* of 1831, the Court of Errors and Appeals of this State held in *Whiteman's Ex'r. v. W. & S. R. R. Co.*, 2 *Har.* 514, 33 *Am. Dec.* 411, that the term "compensation" did not necessarily mean the intrinsic

value of the property taken. This was for the reason that, if the act of taking enhanced the value of what was left, to allow the intrinsic value as damages would be to allow more than "compensation," and if the amount of damage actually exceeded the intrinsic value, then to allow the latter would be to grant less than "compensation." Accordingly it was held that the compensation assured to be paid by the Constitution is to be arrived at by considering all the consequences of the act complained of, whether they enhance or mitigate the injury.

The Legislature in enacting *Section 52, Chapter* 160, *Volume 32, Laws of Delaware,* under which the condemnation proceedings here complained against were instituted, provided that in ascertaining the amount to be paid to the landowner whose property is to be taken—

"the said freeholders shall ascertain and assess damages to the owner or owners, taking into consideration all circumstances of convenience or injury, but shall allow, at least, the cash value of the land taken."

In thus laying down the rule by which the assessing freeholders should be guided, it therefore appears that the Legislature in the first clause of the quoted excerpt in substance though not in terms expressed the precise meaning of the constitutional word "compensation" as the Court of Errors and Appeals in the early case from 2 *Harrington* had defined it to be. Lest however the application of this rule for assessing the damages should in any case result in fixing them at a figure below the intrinsic value of the property proposed to be taken, an eventuality which as pointed out by the Court of Errors and Appeals might occur, the Legislature in the last clause of the quoted excerpt provided that the freeholders should allow at least the cash value of the land taken. The addition of this last clause assured to the land owner, in some cases at any rate, a sum by way of damages in excess of what the constitutional guaranty of "compensation" would allow. The language of the statute therefore imposed on the freeholders the duty to grant to the complainants "compensation" within the meaning of the Constitution of this State and, supposing the case to be one where the remaining portion of the farm would be actually benefited by the improvement, something more than compensation.

Down to the point where the commission of freeholders acted, it therefore appears clear that the property of the complainants is not threatened to be taken from them "without compensation being made" as required by the Constitution.

But, the complainants argue, the statute provides that an application may be made to the resident Associate Judge to set aside the award of the freeholders and grant a new commission; that the Associate Judge is confined in passing upon the application to a consideration solely of the question of whether the freeholders have been guilty of misconduct in their proceedings or have made a grossly improper award; and he is not permitted to determine whether the award squares itself with the constitutional requirement of "compensation." Such is in fact the nature of the statute. But does it follow that it is invalid for that reason?

This raises the question of whether the statute, if it confers power on the Associate Judge to entertain an application to set aside the award on any ground, must as a matter of constitutional requirement authorize him to deal with the question of compensation generally, so that if he finds that "compensation" has not been awarded, though the failure to award it falls short of being grossly improper, he must set aside the award on that ground. This question will now be answered.

At the argument it was conceded that neither the "due process of law" clause of the *Fourteenth Amendment* to the *Constitution of the United States* nor the analogous clause found in *Section 7, Article* I, of the *Constitution* of this State by which it is provided that no person "shall be deprived of his life, liberty or property, unless by the judgment of his peers or the law of the land," is violated by a condemnation statute if the sole objection is that the result reached by the assessing freeholders or commissioners is made final. In other words, it is conceded that under the Federal and State Constitutions there is no absolute right on the part of the land owner to enjoy an appeal to some reviewing tribunal. In the light of this concession it is manifest that the Legislature in the enactment of *Section* 52, *Chapter* 160, *Volume* 32, *Laws of Delaware*, was under no constitutional duty to grant land owners any right of appeal whatever. It was competent for it to end the whole process of ascertaining the damages with the

act of the freeholders in making their return. An appeal or right of review was, however, granted by the statute. But this was purely a matter of grace. The Legislature could in its discretion have conferred on the Associate Judge jurisdiction to review the entire proceedings including the question of whether the freeholders had awarded such compensation as the Constitution required. It did not choose to grant such an extensive right of review or appeal; it granted the right only to the extent of allowing the Associate Judge to determine whether the compensation was so far inadequate as to be "grossly improper." Being bound to grant no right of appeal whatever, it acted entirely within its province when it chose to grant the right to this limited extent. To hold otherwise would be to say that if the Legislature grants a portion of that which it may withhold in toto it is bound to yield all. There is no principle of law which leads to such an illogical result.

The demurrer will be sustained.