STATE, *ex rel.* State Highway Department, etc., Plaintiff v. WIL-LIAM L. MORRIS, *et al.*, Defendants.

*(November* 24, 1952.)

HERRMANN, J., sitting.

*Ralph S. Baker* for plaintiff.

*James M. Tunnell* (of Tunnell and Tunnell) for defendants.

Superior Court for Sussex County, No. 301, Civil Action, 1951.

HERRMANN, J., charged the Commissioners, in part, as follows:

The compensation to which the defendants are entitled is the difference between the market value of their property as a whole immediately before and unaffected by the taking and the market value of the remainder of their property immediately after and as affected by the taking. In adjusting this difference, the parties are entitled to have you consider the value

of the property for all available uses and purposes, including the best and most valuable use.[1]

In deciding the issue of just compensation, you should take into consideration the benefits and advantages to the land-owners, if any, resulting from the highway improvement and you should set off the value of any such benefit or advantage against whatever loss, detriment or disadvantage you may find the owners have sustained or will sustain by reason of the taking and the highway improvement.[2]

---

[1]The Court thus adopted the "before and after" formula for measuring just compensation in a partial-taking case and rejected formulas prevailing in other jurisdictions. See Orgel on *Valuation under Eminent Domain,* Chapter IV, especially pp. 158, 161, 209 *et seq.*

[2]See 1935 *Code,* § 5730; *Huber v. Steel,* 14 *Del. Ch.* 302, 125 *A.* 673; *Whiteman's Ex'x v. Wilmington & S. R. R. Co.,* 2 *Harr.* 514.