WILMINGTON HOUSING AUTHORITY, etc., Plaintiff, v. EDWARD M. HARRIS, JR., *et al,* Defendants.

470

(*December* 18, 1952.)

HERRMANN, J., sitting.

*Thomas Herlihy, Jr.,* and *Morris Cohen* for plaintiff.

*C. J. Killoran* (of Killoran and VanBrunt) for defendants.

Superior Court for New Castle County, No. 890, Civil Action, 1951.

HERRMANN, J., charged the Commissioners as follows:[1]

The Wilmington Housing Authority, the plaintiff in this case, under the power of eminent domain conferred upon it by a Statute of this State, has taken certain land owned by the defendants, Edward M. Harris, Jr. and Marian Harris, his wife. The property was taken for a proper public use. The estate or interest taken is the full fee simple title of the property, free and clear of all liens, encumbrances, charges and claims. The taking of the property was accomplished in accordance with the requirements of the law, and, as to the propriety of the taking, there is no issue before you. The sole question before you is the

---

[1]This is the first proceeding of its kind under the new Condemnation Statute, 48 *Delaware Laws,* C. 271. For that reason, it is thought that the Court's charge and rulings on certain questions of evidence may be helpful.

issue of just compensation to be paid by the Wilmington Housing Authority to Mr. and Mrs. Harris for their property. The Constitution of our State, art 1, § 8, provides that no property shall be taken or applied to public use without compensation being made therefor. The determination of what that compensation should be is your duty and function in these proceedings.

██ In deciding the question before you, you are to be controlled wholly by the evidence presented in these proceedings, considered in the light of your view of the property and of the principles of law stated to you in these instructions.

There are certain applicable principles of law by which you are governed in making your determination.

██ The "compensation" which is guaranteed by the Constitution is not defined in the constitutional provision. The term means a compensation which is just and fair both to the owner of the property taken and to the public represented by the condeming authority. Actually, the term constitutes the end result of your determination. In order to reach that end result, it is necessary that you apply certain standards or measures which have been recognized in the law as proper for the purpose. The just compensation to which Mr. and Mrs. Harris are entitled is the fair market value of the property at the time of the taking in view of all available uses and purposes of the property at that time. Accordingly, in this case, you must ascertain just compensation upon the basis of the fair market value of the property as of October 23, 1951, the date of the taking.

██ In the law of eminent domain the words "market value" are words of art, the formal definition of which has been attempted by many courts. Most simply stated, I think, market value is the price which would be agreed upon by a willing seller and a willing buyer under usual and ordinary circumstances, without any compulsion whatsoever upon the seller to sell or upon the buyer to buy. Market value means the fair value of the property as between one who wants to purchase and one who wants to sell. It is not what could be obtained for the property

under peculiar circumstances when a greater than fair price could be obtained. It is not a speculative value, nor a value obtained from the necessities of either the buyer or the seller. Market value is what the property would bring at a fair sale when one party wanted to sell and the other wanted to buy.

■■ In ascertaining market value you may consider the value of the property in view of all of its available uses and purposes as of October 23, 1951. You may consider the best and most valuable use for which the property was reasonably adoptable as of October 23, 1951, not necessarily as the measure of value, but to the full extent that the prospect of demand for such use affected the market value while the property was privately held. In other words, if the possibility or probability of the land being put to its highest and best use enhanced the market value of the property, then such enhancement may be taken into account in determining just compensation. The owner of property taken by eminent domain is entitled to have considered, in a determination of just compensation, not only the general and naturally adopted uses of the property but also any special value due to its adoptability for a particular or special use. However, no consideration should be given to remote, imaginary or purely conjectural uses.

■■ In determining market value of the property, you should not consider any value peculiarly personal to the owners, nor should you consider just compensation to be enhanced by any unwillingness of the owners to dispose of their property at the time of the taking. Moreover, just compensation cannot be measured by the value of the land to the Wilmington Housing Authority or by its need for this particular property.

■ The burden of establishing market value of property taken under the power of eminent domain is upon the owner of the property and not upon the condemning authority. In these proceedings, therefore, Mr. and Mrs. Harris have the burden of establishing to your satisfaction the just compensation to which they are entitled.

 You have viewed the premises. The purpose of the view was to enable you better to understand the evidence presented at this hearing and more intelligently to apply such evidence to the issue before you. The view is not evidence. You should consider the evidence presented before you in the light of your view but you must make your determination from the evidence alone.

 Expert witnesses have been called by both parties for the purpose of establishing market value. Expert testimony is the evidence of persons who possess special skill or knowledge, in some science, profession or business, which is not common to the average man and which is possessed by the expert by reason of his special study or experience. The value of such testimony depends upon the qualifications and skill of the witness and varies with the circumstances of each case. You should take into consideration the expert's sources of information and the reasons he assigns for the opinion he gives. You should give credence to his testimony as you may find his qualifications and his reasons may justify. Such testimony is to be considered by you like any other testimony and is to be tried by the same tests. It should receive such weight and credit as you may deem it entitled to, viewed in connection with other evidence in the case.

 You are the sole and exclusive judges of the facts, of the credibility of the witnesses and of the weight and value of their testimony.

 If you find the testimony to be in conflict, it is your duty to reconcile it, if you reasonably can. If you cannot do this, then it becomes your duty to give regard to that portion of the testimony which, in your opinion, is most worthy of credit, and to disregard any portion of the testimony which, in your judgment, is unworthy of credit. In so doing, you should take into consideration the demeanor of the witnesses as they testify before you, their apparent fairness in giving their testimony, any bias or interest that they may have in the outcome

of this proceeding, and their opportunities of knowing or learning the facts about which they have testified.

█ The property taken in this case consists of three parcels of land which are not contiguous. You should make a separate award of just compensation for each of the three parcels of land involved in these proceedings.

### Memorandum

During these proceedings, the Court made the following rulings as to the admissibility of evidence sought to be adduced for the purpose of establishing the fair market value of the property taken:

█ 1. Evidence of sales of other similar property in the neighborhood was ruled to be admissible on direct examination, thus following the majority view or "Massachusetts rule". It was required that the relevancy of such evidence be established to the Court's satisfaction by a preliminary showing (1) that the other property was sufficiently similar to the property taken as to improvements, size, location and general adoptability; and (2) that the other property was sold within a reasonable time of the taking; and (3) that the other sale was a willing buyer-willing seller transaction.[2]

█ 2. Evidence of sales to the condemning authority of other similar property was ruled to be inadmissible.[3]

█ 3. Evidence as to the purchase price paid by the owner for the property taken was ruled to be admissible provided that the transaction was bona fide and voluntary and took place within a reasonable time of the taking.[4]

---

[2]See Orgel on *Valuation under Eminent Domain*, § 135, *et seq.*; 118 *A. L. R.* 869 *et seq.*; 174 *A. L. R.* 386 *et seq.*; 2 *Wigmore on Evidence* (3d *Ed.*) § 463.

[3]See Orgel on *Valuation under Eminent Domain*, § 146.

[4]See Orgel on *Valuation under Eminent Domain*, § 134.