The STATE of Delaware upon the relation of Henry T. PRICE, Lemuel H. Hickman, Thurman Adams, Jr., Harry Bonk, William G. Dorsey, C. Wardon Gass, Frank H. Mackie, Jr., Albert S. Moor, George M. Nelson, Elmer Pratt and Walter L. Wheatley, Constituting the State Highway Department of the State of Delaware, Plaintiff-Appellant,

v.

0.0673 ACRES OF LAND, MORE OR LESS, Situate IN BALTIMORE HUNDRED, SUSSEX COUNTY, Delaware, and Carey D. Sapp and Dorothy L. Sapp, his wife, owners, Defendants-Appellees.

0.0673 ACRES OF LAND, MORE OR LESS, Situate IN BALTIMORE HUNDRED, SUSSEX COUNTY, Delaware, and Carey D. Sapp and Dorothy L. Sapp, his wife, owners, Appellants,

v.

The STATE of Delaware upon the relation of Henry T. PRICE, Lemuel H. Hickman, Thurman Adams, Jr., Harry Bonk, William G. Dorsey, C. Wardon Gass, Frank H. Mackie, Jr., Albert S. Moor, George M. Nelson, Elmer Pratt, and Walter L. Wheatley, Constituting the State Highway Department of the State of Delaware, Appellees.

Supreme Court of Delaware.

Nov. 23, 1966.

Robert W. Tunnell, of Tunnell & Raysor, Georgetown, for plaintiff below, appellant on appeal and appellee on cross-appeal.

Houston Wilson, Georgetown, for defendants below, appellees on appeal and appellants on cross-appeal.

WOLCOTT, Chief Justice; HERR-MANN, Justice, and MARVEL, Vice Chancellor, sitting.

HERRMANN, Justice:

In this condemnation case we are called upon to determine (1) upon the appeal of the plaintiff condemnor, the scope of the rule permitting the admission of evidence of sales of similar properties and of the purchase price paid for the same property; and (2) upon the cross-appeal of the defendant property owners, whether 10 Del. C. § 6111[1] precludes the application of 10 Del.C. § 8906[2] in a condemnation case.

1. 10 Del.C. § 6111 provides in part:
   " * * * Fees of counsel or of experts retained by any party may not be taxed as costs under any circumstances upon any of the parties or considered in determining the issue of just compensation."

2. 10 Del.C. § 8906 provides:
   "§ 8906. Expert witnesses

### I.

During the trial of the issue of just compensation, an expert witness testified on behalf of the property owners as to the value of the property taken. On direct examination, he was not questioned as to the sale price of any similar property. On cross-examination, the witness testified that his opinion of value of the subject property was based upon "comparable values." When further cross-examined as to his "comparables", the witness identified one as a sale which took place in 1951. Counsel for the condemnor moved to strike the answer on the ground that the sale was too remote in point of time to be admissible, in view of evidence of change of property values in the interim. The trial court denied the motion, ruling that the objection went to the weight of the evidence and not to its admissibility.

Also, one of the property owners testified as to the purchase price he paid in 1955 for the property here involved. Objection was made by the condemnor on the ground that the purchase was too remote in time in view of evidence of changed property values. The trial court overruled the objection on the ground that it, too, went to the weight of the evidence.

Claiming that reversible error arose from these rulings, the condemnor appeals from the award.

The condemnor relies upon Wilmington Housing Authority v. Harris, 8 Terry 469, 93 A.2d 518 (1952). There, the Superior Court adopted the majority view, known as the "Massachusetts rule", under which evidence of sales of similar property is admissible on direct examination as affirma-

"The fees for witnesses testifying as experts or in the capacity of professional men in cases in the Superior Court, and the Court of Chancery, within this State, shall be fixed by the court in its discretion, and such fees so fixed shall be taxed as part of the costs in each case and shall be collected and paid as other witness fees are now collected and paid."

tive evidence to prove the market value of the property taken. One of the elements of similarity, necessary to constitute an acceptable comparable under the rule adopted in *Harris,* is reasonable proximity in time of the other sale to the date of valuation. See 5 Nichols on Eminent Domain (3d Ed.) § 21.3 [1] and § 21.31 [2]; 1 Orgel on Valuation under Eminent Domain (2d Ed.) §§ 137, 139. The *Harris* case is not in point, however, because the evidence to which exception is taken here was elicited for a different purpose: to impeach the expert witness.

■ Admissible evidence of comparable sales falls into three categories: (1) on direct examination, as in *Harris,* as independent substantive evidence of value; (2) on direct examination, as a factual basis to substantiate the opinion of an expert witness; and (3) on cross-examination, as in the instant case, to impeach an expert witness by testing his preparation, accuracy and knowledge. 5 Nichols on Eminent Domain (3d Ed.) § 21.3 [3], § 18.42 [1] f. n. 34; 1 Orgel on Valuation Under Eminent Domain (2d Ed.) §§ 137, 144, 145.

■ The criteria of similarity varies in diminishing degree for each category. The strict foundation requirements, set forth in *Harris,* apply when evidence of comparable sales is offered as substantive proof of the value of the property taken. 5 Nichols on Eminent Domain (3d Ed.) § 21.31; 1 Orgel on Valuation under Eminent Domain (2d Ed.) §§ 138, 139. A lesser foundation of comparability is required when evidence of other sales is offered in support of, and as background for, opinion testimony and not as independent substantive evidence of value. United States v. Certain Interests in Property, D.C., 205 F.Supp. 745 (1962); United States v. Johnson, 9 Cir., 285 F.2d 35 (1961). The reasons of relevancy, which require that a foundation of similarity be laid for direct examination, vanish when, as here, evidence of other sales is elicited upon cross-examination to impeach an expert. See Annotations 118

A.L.R. 869; 85 A.L.R.2d 110; 95 A.L.R.2d 1217.

■ In the instant case, therefore, any irrelevancy in the purported comparable used as a basis for the expert opinion under attack, including remoteness in time, goes to the weight to be accorded the opinion and not to the admissibility of the evidence of the other sale. The trial court was correct in so ruling.

■ Turning to the owner's testimony of the purchase price paid for the property here involved, about ten years prior to the taking, the question of its admissibility was largely a matter of discretion. Lembo v. Town of Farmingham, 330 Mass. 461, 115 N.E.2d 370 (1953). We cannot say that the admission of such evidence amounted to an abuse of discretion.

■ This Court has stated that in testifying as to the value of his property in a condemnation case, a property owner may testify as to "all the valid elements of value, including such facts as the owner would properly and naturally use to influence a prospective purchaser." State ex rel. Smith v. Mintzer, etc., 3 Storey 372, 169 A.2d 256 (1961). The price paid by an owner, even ten years earlier, is an element of value he might reasonably be expected to use in influencing a prospective purchaser. The evidence in question meets the *Mintzer* test in our opinion. Accordingly, we find no error in the trial court's ruling that the objection goes to the weight to be accorded the evidence, not to its admissibility.

The judgment upon the award is affirmed.

## II.

Following the trial, relying upon 10 Del. C. § 8906, the property owners requested the trial court to set and allow witness fees for five experts as a part of the costs of the condemnation proceeding. The trial court denied the motion, holding that 10 Del.C. § 6111 precludes the taxing of such witness fees as costs. The owners appeal.

The condemnor contends that § 6111 and § 8906 are in irreconcilable conflict and that § 6111, the later enactment, prevails. We disagree.

The situation is controlled by several well established rules of statutory construction: Courts must, if reasonably possible, construe statutes so as to give them effect. duPont v. Mills, 9 W.W. Harr. 42, 196 A. 168, 119 A.L.R. 174 (1937). The General Assembly is presumed to have enacted legislation with knowledge of the existence and effect of prior law. State v. Botluck, Del., 200 A.2d 424 (1964). Statutes must be considered and construed together and harmonized if reasonably possible. St. Stanislaus Kostka Church v. Mayor and Council of Wilmington, 9 Terry 411, 105 A.2d 596 (1954).

The two Statutes before us are reconcilable and may be harmonized. Looking at both Statutes, and in the absence of an explicit indication to the contrary, we are satisfied that it was the intention of the General Assembly, in enacting the later § 6111, to bar the taxing of expert consultants' fees as costs but not expert witnesses' fees which, under § 8906, had been considered a proper item of costs for many years theretofore.

In § 6111, reference is made to "experts retained by any party"; whereas § 8906 refers to "witnesses testifying as experts." It seems clear to us that § 6111 applies to "experts retained" as consultants, such as appraisers, engineers, or cost estimators, to advise the owner and his attorney prior to, and at, trial. On the other hand, the reference in § 8906 is to "witnesses testifying" in the cause. The two are not necessarily the same. A retained expert may or may not become a witness. If he does, a witness fee is taxable as costs under § 8906, we think, although no portion of his fee as consultant may be similarly taxed by reason of the bar of § 6111.

Accordingly, we hold that it was error to consider § 6111 to be a bar to an application for witness fees under § 8906.

The case must be remanded, therefore, for further proceedings upon the motion for witness fees. We have noted, however, that the property owners are requesting witness fees for four experts "who attended upon the Court" for the purpose of testifying "while the Court was in session during each of four days." The request for the fifth expert asserts attendance during two days.

Witness fees allowed under § 8906 should be limited to time necessarily spent in attendance upon the court for the purpose of testifying. This does not include time spent in listening to other witnesses for "orientation", or in consulting and advising with a party or counsel or other witnesses during the trial. We apply these limitations to our conclusion that § 8906 is applicable in a condemnation case.

The case is remanded for further proceedings not inconsistent herewith.