The STATE of Delaware upon the relation of the STATE HIGHWAY DEPARTMENT, Plaintiff Below, Appellant,

v.

LOTS NOS. 133, 134 AND 135, BLOCK I, OF CONCORD HEIGHTS, Situate IN THE CITY OF WILMINGTON, NEW CASTLE COUNTY and State of Delaware, Richard L. Bair and Louise J. Bair, his wife, Wilmington Savings Fund Society, a corporation of the State of Delaware, and Unknown Owners, Defendants Below, Appellees.

Supreme Court of Delaware.

Jan. 9, 1968.

**838**

Aubrey B. Lank, of Theisen & Lank, Wilmington, for plaintiff below, appellant.

James F. Kelleher, Wilmington, for defendants below, appellees.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

PER CURIAM:

The State Highway Department urges a reversal of our holding in State Highway Department v. Sapp,* Del., 224 A.2d 598 (1966) to the effect that 10 Del. C. § 8906 is applicable in a condemnation case and that, therefore, it is within the discretion of the Trial Court to assess as costs expert witness fees in a condemnation case.

We have considered the various arguments made by the Department including (1) the legislative histories of 10 Del.C. § 8906 and 10 Del.C. § 6111; (2) the rule prevailing in other jurisdictions, as exemplified by In re Canda Realty Company, 9 A.2d 305, 17 N.J.Misc. 346 (1939); State v. Pellini, 75 N.J.Super. 161, 182 A.2d

566 (1962); Hartman Tobacco Company v. Argraves, 21 Conn.Sup. 343, 154 A.2d 617 (1959); 1 Nichols on Eminent Domain (3d Ed.) § 4.109; (3) the contention that in a condemnation case there is no "prevailing party" who should recover costs; and (4) the contention that, because § 6111 was a later enactment than § 8906, assuming irreconcilable conflict between the two Statutes, § 6111 must prevail over § 8906.

As to the first contention, we see nothing in the legislative histories of the Statutes to persuade us that the holding in *Sapp* is wrong. Under § 6111, the Department is required to pay all "costs" of the condemnation proceeding. Such "costs" unquestionably include ordinary witness fees; we are satisfied that, by virtue of § 8906, such "costs" may also include expert witness fees.

As to the second argument, differences in statutory provisions make cases from other jurisdictions inapposite.

As to the third contention, the imposition of all "costs" upon the Department by the express provision of § 6111 results in giving the property owner a preferred position in this respect in all condemnation cases.

And as to the fourth point, we expressly ruled on this point in *Sapp;* we are not convinced we erred therein.

Accordingly, we adhere to the ruling in the *Sapp* case.

The Department urges a very restricted application of the *Sapp* rule, asking us to limit expert witness fees thereunder to time actually spent on the witness stand. This, in our opinion, is unreasonably restrictive. As we stated in *Sapp*, expert witness fees "should be limited to time necessarily spent in attendance upon the Court for the purpose of testifying." This includes, in our judgment, a reasonable time (a) traveling to and from the court house, (b) waiting in the court house for

* Cited officially as State v. 0.0673 Acres of Land.

the call to the witness stand, and (c) testifying.

In the instant case, the witness was present in the courtroom at 10:00 A.M.; he took the stand at 11:45 A.M.; he was on the stand until 2:30 P.M. except for an intervening one hour lunch recess. We find the $100. witness fee allowed by the Trial Judge fair and reasonable and clearly within the bounds of a sound judicial discretion.

Accordingly, the judgment below is affirmed.