0.744 OF AN ACRE OF LAND, etc., the CITY OF WILMINGTON, formerly the Mayor and Council of Wilmington, Defendant Below, Appellant,

v.

The STATE of Delaware upon the relation of the STATE HIGHWAY DEPARTMENT, Plaintiff Below, Appellee.

Supreme Court of Delaware.

Feb. 10, 1969.

O. Francis Biondi, former City Sol., and Stanley T. Czajkowski, Asst. City Sol., Wilmington, for appellant.

Aubrey B. Lank, of Theisen & Lank, Wilmington, for appellee.

WOLCOTT, Chief Justice, CAREY, Justice, and SHORT, Vice Chancellor, sitting.

**342**

WOLCOTT, Chief Justice.

This appeal presents a single question, viz., What is the measure of just compensation to the City of Wilmington for the taking by the State Highway Department of certain parkland owned and operated as a park by the City?[*] The question was raised below in advance of trial in accordance with 10 Del.C., § 6108(a) which requires that "all preliminary questions of law" be disposed of prior to calendaring the case for trial.

The Superior Court held that "just compensation" for the taking by the Highway Department of the City's parkland within the meaning of Article I, § 8 of the Delaware Constitution, Del.C.Ann. and the Fifth and Fourteenth Amendments of the Federal Constitution is defined as the fair market value of said parkland. The City appeals.

The City was the owner of so-called Conrad Street Park acquired in 1914 by purchase. The park, in fact, contained approximately 1.5 acres, consisting of the block bordered by Jackson, Adams, Second and Conrad Streets. When acquired, the parkland was occupied by some 18 structures which were demolished. By 1917, the park was established as a playground in a densely populated low-income area.

The Highway Department has condemned the park as part of the right-of-way required for the construction of Interstate Highway I-95. Part of the viaduct of I-95 now passes over the former park, the land of which the Highway Department has leased to the City for no consideration for use as a playground and for parking purposes.

The City has determined that at a total cost of $166,785.00, it could replace Conrad Street Park in this area by the acquisition of the block bounded by Second, Adams, Conrad and Monroe Streets. It therefore argues that since it considers itself ob-

ligated to replace Conrad Street Park, it should be awarded just compensation on the basis of what it will cost it to replace the facility.

■ On the other hand, the Highway Department argues that just compensation is no different in this case than it is in any other condemnation case. This would require the award of an amount representing the market value of the taken land. Market value is defined as the price which would be agreed upon by a willing seller and a willing buyer under ordinary circumstances and with no compulsion to either sell or buy. Wilmington Housing Authority v. Harris, 8 Terry 469, 93 A.2d 518; Board of Education of Claymont Special School Dist. v. 13 Acres, 11 Terry 387, 131 A.2d 180. In determining the market value of a particular parcel of land, it shall be valued for all available uses and purposes, including its best and most valuable use. State ex rel. State Highway Department v. Morris, 8 Terry 477, 93 A.2d 523.

■ This is the rule followed generally in Delaware for the determination of just compensation for the taking of land for a public use. Only one exception appears in the reported decisions. Where land is condemned on which is erected a building or buildings devoted to a particular and unique use, such as churches, schools, etc., as to which there is no ready market, then evidence of the cost of reproduction less depreciation may be received to be added to the value of the land, itself, to establish market value. State ex rel. State Highway Dept. v. Improved Parcel of Land, 5 Storey 487, 188 A.2d 513. Such evidence is received, however, not as a measure of value, but merely as one of many circumstances which go to the fixing of a figure set as the market value of the property. 5 Nichols, Eminent Domain, § 12.32.

[*] The Highway Department has not raised the question of the City's right to just compensation for the taking of the parkland involved. The right of the City to just compensation is conceded. Cf. 26 Am.Jur.2d, Eminent Domain, §§ 178, 179.

The City argues earnestly for a further exception based upon its obligation to replace the condemned Conrad Street Park. It says, since it may not legally sell parkland, Anderson v. Mayor and Council of Wilmington, 37 Del.Ch. 74, 137 A.2d 521, it follows that if the State takes its park, it must pay in damages an amount which will enable the City to establish a comparable park for the one taken from it.

We think, however, the City should be no better off in this respect than is the private owner of real estate, devoted to a particular or charitable use, from whom land has been taken by the State for public purposes. The Superior Court has held that a private owner may not be compensated for the loss of a business conducted on a property. Wilmington Housing Authority v. Nos. 312–314 E. 8th Street, 5 Storey 252, 191 A.2d 5, and it seems apparent that a trustee holding land for a charitable use would not be entitled, in the event of its condemnation, to a sum permitting the duplication of the facilities taken. In all such cases, the measure of just compensation is market value.

The City grounds its argument in this respect upon a series of Federal cases which it says allowed as just compensation a figure which would permit the replacement of the condemned park. This is the so-called Substitution Rule.

The City points out that 90% of the money available for the construction of I–95 comes from Federal sources, and that it would therefore be appropriate to follow the Federal rule. We think, however, that the source of available funds should not control the measure of just compensation. In point of fact, this park has been taken by the State for state purposes and state law is applicable.

Furthermore, we think, in any event, the Substitution Rule would probably not be applicable in this case, a taking of vacant land. Suffice it to say that the Federal decisions cited by the City are all cases of the taking by the Federal authorities of state or municipal facilities used to carry out governmental functions such as water systems, sewage systems, schools, roads, etc. All are cases in which the condemned state or municipal facility was required by law to be replaced. In none of them was vacant land taken.

State v. Waco Independent School District (Tex.Civ.App.) 364 S.W.2d 263, and County of Cook v. City of Chicago, 84 Ill.App.2d 301, 228 N.E.2d 183, decisions of state courts, were cases in which a school building was taken and its market value was measured in terms of reproduction cost less depreciation. The cases are in accord with the law of this State established by State ex rel. State Highway Dept. v. Improved Parcel of Land, supra.

We have been referred to no case in which substitute value has been paid as just compensation for the taking of parkland. On the contrary, such authority as there is measures just compensation in such cases in terms of fair market value, even when the land has been restricted to use as a park. See Town of Winchester v. Cox, 129 Conn. 106, 26 A.2d 592; State by State Highway Commissioner v. Cooper, 24 N.J. 261, 131 A.2d 756; and People ex rel. Dept. of Public Works v. City of Los Angeles, 220 Cal.App.2d 345, 33 Cal.Rptr. 797.

We are accordingly of the opinion that the measure of just compensation in this case is market value. Such value is to be determined in the light of the same considerations involved if the land were privately owned; i. e., What is the property worth in the market in the light not only of the uses to which it is put, but also in the light of the uses to which it may be adapted?

The judgment below is affirmed.