The STATE of Delaware upon the relation of the SECRETARY OF the DEPARTMENT OF .HIGHWAYS AND TRANSPORTATION, Plaintiff,

v.

DELMARVA POWER & LIGHT COMPANY, a.corporation of the State of Delaware, et al., Defendants.

Superior Court of Delaware, New Castle.

May 21, 1975.

Aubrey B. Lank, Theisen, Lank & Mulford, Wilmington, for plaintiff.

Robert K. Payson, Potter, Anderson & Corroon, Wilmington, for defendants.

## OPINION

LONGOBARDI, Judge.

In this condemnation case the State is taking fifty-eight (58) acres from a one hundred fifty-eight (158) acre tract in Cherry Island Marsh for a highway project. The State asserts that the value of Defendant's land remaining after the taking will exceed the value of the entire tract prior to the taking. It contends six cents ($.06) would be just compensation to the Defendant, Delmarva Power & Light Company. The Defendant disagrees. At the pretrial conference two evidentiary issues arose. This is the Court's decision on those questions.

The State has taken the deposition of Samuel C. Hanby for use at trial. Mr. Hanby's conclusion as to the value of the land remaining after the taking supports the State's assertion that Delmarva will be benefited rather than harmed by the project. In making his appraisal, Mr. Hanby assumed that the City, a non-party to this action, would make the parcels accessible and hence more valuable by improving and lengthening two roads to the boundaries of the remaining tract. This assumption is essential to his conclusion. Focusing on this assumption, Delmarva asserts that Mr. Hanby's appraisal is based on factors so remote and speculative that his testimony is inadmissible as a matter of law.

In ascertaining market value for the purpose of determining the amount of just compensation one should consider the best and most valuable use for which the property is reasonably adaptable to the extent that the prospect of demand for such use would affect the market value at the date of the taking. However, consideration should not be given to remote or purely conjectural uses. Board of Education v. 13 Acres of Land., Del.Super., 11 Terry 387, 131 A.2d 180 (1957); Wilmington Housing Authority v. Harris, Del.Super., 8 Terry 469, 93 A.2d 518 (1952). The potential use of the property which formed the basis of Mr. Hanby's appraisal will be feasible only if the necessary roads are installed, improved and lengthened. If the Court were asked to admit Mr. Hanby's deposition to establish value, his assumptions about the two roads make his valuation too speculative and remote for consideration because it depends upon extraneous contingencies. Greene County v. Hicks, Ark., 458 S.W.2d 152 (1970). Because the landowner should not be made to pay by set off for speculative special benefits, the valuation established by the deposition would be excluded.

■ The Court cannot, however, foresee what evidence will be presented at trial. An appraiser's opinion testimony may be based upon assumptions which are proved by the testimony of other witnesses. People ex rel. Department of Public Works v. Flintkote Company, 264 Cal.App.2d 97, 70 Cal.Rptr. 27 (1968). If the State presents proof, for instance, that as of January 20, 1972 the City was committed to providing access to the property, Mr. Hanby's assumption will be supported and his testimony will be admissible.

■ The second issue involves the admissibility of two letters from the State's Right-of-Way agent to a representative of Delmarva. Both letters preceded the filing of the complaint which was January 20, 1972. In the earlier letter, dated April 10, 1968, the State's agent, after noting that the State had reviewed the appraisals covering the lands to be taken from Delmarva, wrote, "it is our opinion that the fair market value of the land consisting of 59.01 acres is the sum of $102,050.00, which also includes the damage to the remainder." Delmarva wishes to introduce this letter and a letter dated April 21, 1970 confirming the offer contained in the previous letter as admissions. The State argues that the 1968 letter is inadmissible because it is an offer of compromise and part of the negotiations for this parcel. In Re Hilton Hotels Corporation, 42 Del.Ch. 283, 210 A. 2d 185 (1965), aff'd, Del.Supr., 222 A.2d 789 (1966). Delmarva argues that the statement on market value is admissible as an independent statement of fact which may or may not be part of an offer to compromise. The Court is aware of the debate over the validity of this exception to the rule barring admissions made in compromise negotiations. The academician's arguments supporting a complete privilege (see the authorities cited in 4 Wigmore on Evidence, Section 1061 at 36 et seq. [Chadborn Rev.1972]) are very persuasive and some legislatures have rendered all negotiation statements inadmissible. See, for instance, Federal Rules of Evidence, Rule 408. However, it is not necessary for the Court to enter this debate because I find that the 1968 letter was not an offer to compromise. 31A C.J.S. Evidence Section 285. The letter appears to be an offer to pay full market value. The State's subsequent assertion that it intended to effect a compromise by the letter does not render the statement inadmissible. Saxton v. Harris, Alaska, 395 P.2d 71 (1964). The second letter is similarly competent evidence.

■ The State also argues that the letter is not relevant because it is based on appraisals made long before the date of taking. Less proximity in the time of comparable sales is required where the evidence is to be admitted for purposes other than where it is admitted as independent substantive evidence of value. Cf. State v. 0.0673 Acres of Land, Del.Supr., 224 A.2d 598 (1966). Considering the State's present position, it is unlikely that their age would be a valid reason for preventing the Defendant from using the letter to challenge the credibility of the State's present position. Moreover, in objecting to the document, the State argues that market value based on the old appraisals has no probative value because land values in the subject area have increased within the last few years. Since the admission contained in the letter relates primarily to the market value of the condemned property, the possible rise in land values between the appraisal and the date of taking would not prejudice the State. Therefore, as matters now stand, the letter will be admissible. Of course, if contrary to its present position the State shows at trial that the market value of the land taken decreased substantially between the making of the appraisals and the date of the taking, the letter will be excluded as irrelevant and too remote.

It is so ordered.