# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
## IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| HENRY GREENFIELD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | **C.A. No.: CPU5-17-001915** |
| | ) | |
| **DANIEL FOLEY**, | ) | |
| | ) | |
| Defendant. | ) | |

Reserved: June 6, 2020
Decided: July 29, 2020

Gregory A Morris, Esq.                               David J. Bever, Esq.
46 The Green                                         2 West Lockerman Street
Dover, DE 19901                                      Dover, DE 19801
*Attorney for Plaintiff*                             *Attorney for Defendant*

## MEMORANDUM OPINION ON ATTORNEY'S FEES AND EXPERT COST

The underlying breach of contract action brought by Plaintiff Henry Greenfield against Defendant Daniel Foley stems from Foley's failure to repay $16,500. loaned to him by Greenfield. A bench trial was held on January 10, 2020. After trial, the Court found in favor of Greenfield and judgment was entered against Foley in the amount of $16,500.[1] Greenfield requested an award for attorney's fees and expert witness costs, and the Court afforded the parties the opportunity to submit briefing on the issue.

Both parties timely submitted briefing on the issue of attorney's fees and expert witness costs, and the Court took the matter under advisement. For the reasons set forth below,

---

[1] At the conclusion of trial, the Court reserved decision. The Court's final decision and order in favor of Greenfield was issued on February 10, 2020.

Greenfield's request for attorney's fees and expert witness costs is **GRANTED** in part and **DENIED** in part.

## RELEVANT FACTS AND PROCEDURAL HISTORY

In 2004, Foley began working for Greenfield, performing odd jobs such as yardwork, painting, and clerical tasks. Throughout their working relationship, Greenfield made numerous loans to Foley, the terms of which were generally not commemorated in writing. One such verbally memorialized loan was the subject of this litigation; in December 2014, Greenfield provided Foley with a cash loan in the amount of $16,500. The parties agreed that Greenfield would secure his interest with a lien against Foley's vehicle, a black Mercedes-Benz (the "Black Mercedes").

Shortly thereafter, the relationship between the parties disintegrated. Foley's employment was terminated, and he ceased making payments to Greenfield on his numerous outstanding loans. Greenfield soon discovered that Foley was driving a new vehicle, and began investigating the status of the Black Mercedes. Ultimately, Greenfield learned that the Black Mercedes had been sold, the title transferred, and his lien released; however, Greenfield maintained that he did not authorize or sign the lien release.

At trial on January 10, 2020, Greenfield argued that Foley breached the parties agreement by forging his signature on the lien release and removing the lien before his obligation to pay back the loan was satisfied. Foley contended that Greenfield's signature on the lien release was not forged, and that Greenfield had voluntarily removed the lien. To demonstrate that he did not sign the lien release, Greenfield offered testimony of forensic document examiner, Carolyn Kurtz. Ms. Kurtz testified that the signature on the lien release did not belong to Mr. Greenfield. At the conclusion of trial, the Court reserved decision.

2

In its Decision after Trial, the Court, having weighed the evidence presented, found that Greenfield's signature on the lien release had been forged. The Court held that Foley had breached the agreement, and judgment was entered in favor of Greenfield.

## PARTIES' CONTENTIONS

Greenfield contends that an award of $4,350 in attorney's fees is warranted because Foley's fraudulent conduct with respect to the forged signature on the lien release constitutes bad faith. Greenfield also seeks to recover $2,020 in expert witness costs on the basis that Foley's bad faith conduct required Greenfield to offer expert testimony to demonstrate that the lien release had been forged. Foley argues Greenfield does not provide clear evidence that Foley's bad faith conduct increased the cost of litigation, and thus does not warrant deviation from the American Rule.

## DISCUSSION

### A. Attorney's Fees

Generally, Delaware follows the American Rule, whereby each party must bear its own costs and attorney's fees absent contractual or statutory authority.[2] Delaware courts rarely deviate from the American Rule, but certain narrow exceptions have been recognized, including the bad faith exception.[3] To recover attorney's fees under the bad faith exception, the requesting party bears the burden of proving bad faith conduct by clear evidence.[4]

The bad faith exception is "quite narrow" and "is applied in only the most egregious instances of fraud or overreaching."[5] Although the parameters of bad faith conduct in this context are imprecise, the bad faith exception generally "does not apply to conduct that gives rise to the

---

[2] *Dixon v. Counsel of the Cliff House Condominium*, 2009 WL 5455537 at *3 (Del. Com. Pl. Dec. 8, 2009).

[3] *Miller v. Silverside*, 2016 WL 4502012, at *7 (Del. Super. Ct. Aug. 26, 2016).

[4] *Miller v. Silverside*, 2016 WL 4502012, at *7 (Del. Super. Ct. Aug. 26, 2016); *see also Maple Hill Homeowners Ass'n v. Newton*, 2015 WL 1205283 at *3 (Del Com. Pl. Mar. 9 2015).

[5] *Miller v. Silverside*, 2016 WL 4502012, at *7 (Del. Super. Ct. Aug. 26, 2016): *see also Fortis Advisors LLC v. Sillajen, Inc.*, 2019 WL 2228090 (Del. Super. July 25, 2019).

substantive claim itself."[6] Rather, "an award of fees for bad faith conduct must derive from either the commencement of an action in bad faith or bad faith conduct taken during litigation, and not from conduct that gave rise to the underlying cause of action."[7]

Greenfield argues that pre-litigation fraudulent conduct falls within the bad faith exception where such conduct forms the basis of the action. In support of this position, Greenfield relies on a Court of Chancery decision, *Raegan v. Randell*,[8] in which the Chancellor awarded attorney's fees based on, *inter alia*, the defendant's pre-litigation bad faith conduct. Certainly, as a court of equity, "a Chancellor or Vice Chancellor, 'under his equitable powers, has latitude to shift attorneys' fees.'"[9] However, this action was brought in the Court of Common Pleas, a court of law. It is well established that "in an action at law, a court may not order the payment of attorney's fees as part of costs to be paid by the losing party unless the payment of such fees is authorized by some provision of statute or contract."[10] Therefore, this Court will not award attorney's fees for bad faith conduct that forms the basis of the litigation, or which occurred before litigation was commenced.

In the present case, the alleged bad faith conduct—Foley's use of the forged lien release to withdraw Greenfield's lien on the Black Mercedes in breach of the parties' agreement—is precisely the conduct that gave rise to this breach of contract action. Greenfield has not established by clear evidence any bad faith conduct on the part of Foley during the course of this litigation. Therefore, this Court will not deviate from the American Rule, and Greenfield's request for attorney's fees is **DENIED**.

---

[6] *Versata Enterprises, Inc. Selectica, Inc.*, 5 A.3d 586 (Del. 2010).
[7] *Id.*
[8] *Reagan v. Randell*, 2002 WL 1402233 (Del. Ch. June 21, 2002).
[9] *Scion Breckenridge Managing Member, LLC v. ASB Allegiance Real Estate Fund*, 68 A.3d 665, at 686 (Del. 2013) (quoting *Gatz Props., LLC v. Auriga Capital Corp.*, 59 A.3d 1206, 1222 (Del. 2012)).
[10] *Casson v. Nationwide Ins. Co.*, 455 A.2d 361, 370 (Del. Super. Ct. 1982).

## B. Expert Costs

Greenfield also seeks to recover for the costs of his expert witness' testimony. Unlike his request for attorney's fees, an award for costs of expert witness testimony is authorized by statute. Pursuant to 10 *Del. C.* § 8906, "[t]he fees for witnesses testifying as experts or in the capacity of professionals in cases in the . . . the Court of Common Pleas . . . within this State, shall be fixed by the Court in its discretion . . . ."[11] Accordingly, a party is entitled to recover reasonable fees associated with its expert witness' testimony.[12] The prevailing party's recovery must be limited to "fees associated with the expert's time spent testifying or waiting to testify, along with reasonable travel expenses," and the amount actually awarded is within the discretion of the Court.[13]

Notably, Foley does not dispute the amount of expert witness fees sought. Regardless, the expert witness fees Greenfield seeks to recover are properly limited to the expert's time spent testifying and reasonable travel expenses. For those reasons, the Court **GRANTS** Greenfield's request for expert witness costs.

## CONCLUSION

For the foregoing reasons the Court **DENIES** Greenfield's requests for attorney's fees, and **GRANTS** Greenfield's request for expert witness costs. IT IS HEREBY ORDERED that Greenfield is awarded expert witness costs in the amount of $2,020.

**IT IS SO ORDERED** this 29th day of July, 2020.

_____
The Honorable Judge Robert Surles

---

[11] 10 *Del. C.* § 8906.

[12] *State ex rel. Prince v. 0.0673 Acres of Land, More or Less, In Baltimore Hundred, Sussex County*, 224 A.2d 598 (Del. 1966).

[13] *Edwards v. Kiddie Kollege Institute*, 2016 WL 3883934, at *1 (Del. Super. Ct. Jul. 8, 2016).

5