# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| THE STATE OF DELAWARE, UPON THE RELATION OF THE SECRETARY OF THE DEPARTMENT OF TRANSPORTATION, | ) ) ) ) ) | |
| Plaintiff, | ) ) | C.A. No.: S21C-03-017 FJJ |
| v. | ) ) | |
| MELPAR, LLC, 1,7761995 SQUARE FEET (0.0408 ACRES) OF LAND, 711.9788 SQUARE FEET (0.0163 ACRES) OF LAND, 3,598.7712 SQUARE FEET (0.0826 ACRES) PART OF TAX MAP AND PARCEL NUMBER 234-23.00-269.14 SITUATED IN INDIAN RIVER HUNDRED, | ) ) ) ) ) ) ) ) ) ) | |
| Defendant. | ) | |

Submitted: December 21, 2022
Decided: December 28, 2022

**MEMORANDUM OPINION AND ORDER.**

*Upon Motion of Prevailing Party for Fees and Costs*
**GRANTED IN PART and DENIED IN PART.**

*Bradley Eaby, Deputy Attorney General,* Department of Justice, Wilmington, Delaware. Attorney for the State of Delaware.

*Richard L. Abbott, Esquire,* Abbott Law Firm, Hockessin, Delaware. Attorney for Defendant Melpar, LLC.

**Jones, J.**

# INTRODUCTION

This condemnation case followed the State of Delaware Upon Relation of the Secretary of the Delaware Department of Transportation (the "State")'s partial taking of property located at the southeast corner of the intersection of John Williams Highway and Long Neck Road in Sussex County, Delaware (the "Property").[1] Melpar, LLC ("Melpar") owns the Property.

After a four-day trial, on September 23, 2022, a Condemnation Commission returned a verdict in favor of Melpar upon concluding the fair market value of the taken land to be $675,000.[2] Melpar now moves for reasonable litigation expenses, including attorney's fees, expert witness fees, and other costs.[3] The State disputes Melpar's right to the fees and costs.[4] For the reasons stated below, Melpar's motion is **GRANTED**, in part and **DENIED**, in part.

# FACTUAL BACKGROUND

The Court will provide only those facts necessary to the analysis below. For a more comprehensive explanation of the factual background, the Court directs readers

---

[1] Dash-In leases the Property from Melpar and runs a convenience store and gas station on the Property. Dash-In was an original party to the lawsuit but settled with the State prior to trial. Thus, the issue at trial related only to Melpar's interest.

[2] As with all eminent domain actions, the State is required to provide just compensation to the owner of the taken property. "Just compensation" is the fair market value of the land taken. *See State v. Davis Concrete of Del., Inc.*, 355 A.2d 883, 886 (Del. 1976).

[3] The Court denied the State's motion for a new trial following the verdict.

[4] At the Court's direction, Melpar filed a reply to the State's response.

to its prior rulings on the State's motion for a new trial[5] and Melpar's motion to dismiss.[6]

Trial began on September 19, 2022. Before trial, Melpar provided an appraisal that recommended Melpar's damages amounted to $848,000. Thereafter, the State made an offer of judgment in the amount of $250,000.[7] Melpar declined the offer. After Melpar's presentation at trial, the Condemnation Commission returned a verdict of $675,000. This award was more than double the State's offer of judgment and almost eighty percent (80%) of the figure Melpar sought. Melpar now, as the prevailing party, submits a claim for litigation expenses pursuant to 10 *Del. C.* § 6111(2), attorney's fees in the amount of $97,149.80, and costs in the amount of $6,857.65.

Additionally, Melpar asks for $53,090.00 in expert witness fees for three (3) expert witnesses: (1) $27,975.00 for Laurence Moynihan, the expert appraiser; (2) $11,585.00 for Kenneth Christenbury, an expert engineer; and (3) $13,530 for Dennis Hughes, another expert engineer. Melpar submits it incurred these fees from December 16, 2019 through September 20, 2022.

---

[5] *See* 2022 WL 15702818, at *1-2 (Del. Super. Oct. 27, 2022).
[6] *See* 2022 WL 5903311, at *1-2 (Del. Super. Dec. 9, 2021).
[7] The State filed the offer of judgment pursuant to 10 *Del. C.* § 6111(1) on September 12, 2022.

## ANALYSIS

### A. The History of 10 Del. C. § 6111

Melpar seeks reimbursement under 10 *Del. C.* § 6111. Prior to 1994, § 6111 provided, in pertinent part, that "[f]ees of counsel or of experts retained by any party may not be taxed as costs under any circumstance upon any of the parties or considered in determining the issue of just compensation." Despite this language, the Delaware Supreme Court permitted trial costs for testifying experts in condemnation cases in *State ex rel. Price v. 0.0673 Acres of Land, etc.*[8] This Court expanded *Price* in *City of Rehoboth Beach v. Hoyt*, finding "recoverable costs" under § 6111 to include fees associated with the depositions of experts who testified at condemnation trials.[9]

In 1994, the General Assembly substantially amended § 6111. Those amendments remain in place and apply to the present dispute. Under what is now § 6111(1), the plaintiff must serve upon the defendant an offer of judgment any time before the condemnation trial. If the defendant: (1) rejects the offer *and* (2) the Commissioners award an amount closer to the defendant's highest valuation, then § 6111(2) permits the defendant to apply for an order requiring the plaintiff to pay "defendant's reasonable litigation expenses, including reasonable attorney, appraisal,

---

[8] 224 A.2d 598 (Del. 1966); *see also State ex rel. State Highway Dept. v. Lots* 133, 134 & 135 et. al. 238 A.2d 837 (Del. 1968). The *Price* Court permitted the fees under 10 Del. C. § 8906.
[9] *See City of Rehoboth Beach v. Hoyt*, 1989 WL 199430, at *1 (Del. Super. Aug. 29, 1989).

4

engineering, or other expert witness fees actually incurred *because of the condemnation trial.*"[10]

The statute also provides the Court with discretion over the amount to be awarded. For example, the Court may reduce the award if the defendant "engaged in conduct which unduly and unreasonably protracted the final resolution of the action," or if the State "was substantially justified [in its position] or … special circumstances make an award of expenses unjust."[11]

And § 6111(3) governs when the Commissioners' award is *lower* than the plaintiff's offer of judgment. Although § 6111(3) is inapplicable to this case, the contrast between § 6111(2) and § 6111(3) in three (3) fundamental respects guides the Court's analysis of the State's opposition.

First, under § 6111(2), a prevailing defendant can recover "reasonable litigation expenses," including attorney's fees, expert witness fees, and costs. But under § 6111(3), the State cannot recover attorney's fees.

Second, § 6111(2) states a prevailing defendant may recover costs and fees when the Commissioners' award is *closer* to the defendant's valuation than the plaintiff's valuation. But in order for the *State* to be reimbursed under § 6111(3), the Commissioners' award must be *lower* than the State's offer of judgment. In other

---

[10] See 10 *Del. C.* § 6111(2) (emphasis added).
[11] *Id.*

words, the State cannot recover if the award is *merely closer* to the State's offer than the defendant's valuation.

Third and finally, while § 6111(2) limits reimbursement to costs and fees incurred "because of the condemnation trial," it does not expressly limit expenses or costs incurred to the period after service of the offer of judgment. On the other hand, § 6111(3) does not limit recovery of costs and fees to expenses incurred "because of the condemnation trial," but *does* limit recovery to only those costs and fees incurred after service of the offer of judgment.

## B. The Costs and Fees

As noted above and discussed below, the Commissioners' award of $675,000 was closer to Melpar's valuation than the State's offer of judgment. Thus, as a threshold matter, the Court must apply § 6111(2) and analyze accordingly.

### I. Substantial Justification

The State first argues the Court should exercise its discretion and deny the award of fees and costs because the State "substantially justified" its position at trial under § 6111(2). The Court rejects this argument out of hand.

Although the State suggests it presented a credible witness at trial to discuss the fair market value of the property, the Commissioners' award says otherwise. And, from the Court's perspective, Melpar's appraiser easily won "battle of the appraisers."

The verdict confirms what those in the courtroom saw: Melpar's presentation was more credible (and more effective) than that of the State.

Moreover, Melpar presented ample evidence to suggest the change in traffic pattern, precipitated by the taking, made the trip to the Property longer for those traveling southbound on Long Neck Road. To that point, in a prior ruling, the Court found there was substantial evidence to suggest the current tenant of the Property would terminate its lease as a result of the traffic change. So to agree with the State's "substantial justification" argument is to ignore the clear signal sent by the verdict: Melpar's damages were much closer to its valuation than the State's offer of judgment.

## II. Undue and Unreasonable Protraction of Litigation

Melpar did not engage in conduct which unduly and unreasonably protracted the litigation. There are, in fact, no exceptional circumstances to justify the denial of Melpar's requested relief. In evaluating the State's offer of judgment, Melpar's valuation, and the Commissioners' award, the Court sees this matter as the precise type of case the General Assembly had in mind when it amended § 6111 to provide for fee shifting.

### C. The Construction of § 6111(3)

The State next argues Melpar is only entitled to the reasonable litigation expenses incurred *after* the State submitted its required § 6111(1) offer of judgment.

7

As discussed above, § 6111(3) applies where the Commissioners' award is *lower* than the State's offer of judgment and only permits reimbursement of costs incurred after the offer is extended. Had the General Assembly intended to place a similar temporal constraint on prevailing defendants under § 6111(2), as the State suggests, it easily could have done so. It did not. Because the General Assembly specifically chose *different language* for prevailing defendants, the Court finds § 6111(2) does not include the State's suggested temporal requirement for reasonable litigation expenses.

### D. Melpar's Costs Incurred

#### I. "Because of the Condemnation Trial"

As a philosophical matter, it can be said that all actions taken by an attorney in a condemnation suit constitute costs "actually incurred because of the condemnation trial" under § 6111(2). Melpar would certainly adopt this outlook.[12]

The Court, however, cannot agree the General Assembly shared Melpar's view when it crafted § 6111(2). If that were true, then the limiting language "because of the condemnation trial" would be superfluous. The question, then, becomes what limited actions Melpar's counsel took "because of the condemnation trial."

---

[12] Melpar's counsel points to his role as the drafter of the § 6111 amendments to support his position. Although counsel may have been involved in the drafting of the statutory amendments, the Court cannot ignore the plain words of § 6111(2), which limit recovery to costs incurred "because of the compensation trial." The Court also notes that the South Carolina statute cited by counsel as the model for § 6111 is far broader than § 6111, as it does not limit recovery to fees incurred "because of the compensation trial."

8

The path to answering that question is relatively straightforward. The parties handled the litigation in two (2) distinct phases. In the first phase, the State supplied an appraisal to Melpar and Melpar retained its own appraiser, who completed an appraisal for the State's review. The State refused to accept Melpar's appraisal valuation. Melpar then moved to dismiss the action. The Court denied the motion, and the Delaware Supreme Court refused to hear an interlocutory appeal of the Court's order. In this phase, Melpar did not act "because of the condemnation trial"; rather, it attempted to force the State to restart its appraisal approach. The Delaware Supreme Court denied the last of the two interlocutory appeals on February 7, 2022. Therefore, the Court will not award costs and fees for the actions of counsel up until January 31, 2022, as these amounts were not incurred because of the compensation trial.

The second phase of the litigation encompasses all work performed because of the condemnation trial after January 31, 2022. Upon review of Melpar's post-January 2022 submissions, the Court awards Melpar $60,954.00 in attorney's fees. For clarity, this figure reflects the total amount of attorney's fees incurred from January 31, 2022 forward.

## II. *"Reasonable Litigation Expenses"*

Finally, the Court turns to the reimbursement of Melpar's "reasonable litigation expenses" as found in § 6111. Although "reasonable litigation expenses" is not defined by statute, the term clearly encompasses the items this Court has historically

defined as "court costs" under 10 *Del. C.* § 8906. So Melpar, at a minimum, is entitled to recover court costs. The State submits this finding is where the analysis must end.

The State is wrong. Reasonable litigation expenses encompass, but are not equal to, court costs.[13] The Court presumes that when the General Assembly amended § 6111, it did so with knowledge of the existence and effect of § 8906, the Delaware Supreme Court's holding in *Price*, and this Court's decision in *Hoyt*.[14] This finding is supported by the very language of § 6111(2), which entitles a prevailing defendant to "reasonable litigation expenses, *including*…." The legislature's use of the word "including" makes clear that it intended to include *more* than testifying fees within the meaning of reasonable litigation expenses.

Melpar seeks reimbursement for the entirety of the work performed by its three experts. In light of the above analysis, the Court finds the expert work done after January 31, 2022 to be a reasonable litigation expense incurred because of the condemnation trial. Further, the Court finds the amount requested and time spent to be reasonable. Therefore, the Court awards: (1) $15,225.00 for the services of Mr. Moynihan; (2) $5,960.00 for the services of Mr. Christenbury; and (3) $13,530.00 for the work of Mr. Hughes.

---

[13] The Court, again, notes the General Assembly deliberately used the term "reasonable litigation expenses" instead of "costs." This distinction can only mean the General Assembly intended to encapsulate costs, as defined under § 8906, within the classification of reasonable litigation expenses.

[14] *State v. Botluck*, 200 A.2d 424 (Del. 1964).

Additionally, the Court awards filing fees in the amount of $413.25, transcript fees in the amount of $2,444.60, and reasonable litigation expenses in the amount of $2,270.95 for the preparation of trial exhibit binders.[15]

## CONCLUSION

For the above reasons, Melpar's motion is **GRANTED**, in part, and **DENIED**, in part.

**IT IS SO ORDERED.**

*/s/ Francis J. Jones, Jr.*
Francis J. Jones, Jr., Judge

cc:     File&ServeXpress

---

[15] Had the Court been tasked with awarding the filing fees, transcript fees, and fees related to the exhibit binders in a non-condemnation case, the Court would have awarded the fees as reimbursable court costs. Counsel's travel costs (i.e. tolls and gas) and in-house costs for photocopying and postage are not reasonable litigation expenses.