## DECAMP *vs.* CRANE.

The cost of printing the case in this court cannot be included by the suc cessful party in his taxed bill of costs.

This was a motion on part of the appellant, to allow the cost of printing the case to be taxed with the costs.

Decamp *v.* Crane.

*Mr. J. F. Randolph,* in support of the motion.

*Mr. C. Parker,* contra.

The opinion of the court was delivered by

THE CHIEF JUSTICE.

The decree in this case was in favor of the appellant, and the costs of the appeal were awarded to him. The case on appeal was printed by him, and the present motion is to direct the clerk to include this expense in the taxed bill.

This has never been the practice. No bill of costs can, probably, be produced from the files of this court containing this item. This part of the expense has heretofore always been borne by the party bringing the appeal. If, therefore, this court had the power to award this expense to a successful appellant, still no reason appears to exist why the case should be taken out of the established course.

Besides, upon examination it will be found that this practice has a statutory foundation. In the act relating to fees and costs, (*Nix. Dig.* 313,) it is enacted that "where no fees are by law provided, the same fees shall be allowed to the same officers and persons as are allowed by law for like services in the Court of Chancery." But neither in the provisions of this act relating to this court nor in that regulating the fees in chancery, is there any allowance which will fairly embrace the present claim. If the clerk of this court had provided these printed cases, it would seem that this expense might be a legitimate charge. But by the rules of this court the party, and not the clerk, is required to perform this service. Until these rules are changed there can be no charge in the bill, for costs thus incurred.

It was suggested that by force of the act of 29th March, 1866, (*Nix. Dig.* 119, § 2,) the Chancellor being now enabled to order the cost of printing the evidence to be included in the taxed bill, has had framed a rule to that effect, and that, as by the fees and costs act, the costs in the two courts are made the same, this item, though formerly inadmissible, is

now made a legal charge. But the act regulating fees, in the clause referred to, has no prospective bearing. The language is, that the same fees shall be allowed in this court "as are allowed," &c., in the Court of Chancery. There is nothing in these expressions which indicate a purpose to make the fees in this court liable to the charges which may from time to time be introduced by the legislature into the fee bill in the other court.

The motion to include the cost of printing this case in the taxed bill, must be refused.