BERNARD PEYTON, Trustee under Declaration of Trust, dated August 21, 1936,

Complainant Below, Appellant,

*vs.*

WILLIAM C. PEYTON CORPORATION, a corporation organized and existing under the Laws of the State of Delaware, ANNE DUPONT PEYTON, PEYTON-DUPONT SECURITIES COMPANY, a corporation organized and existing under the Laws of the State of Delaware, HENRY H. WEHR-HANE, CLIFTON V. EDWARDS, NEVIL FORD, E. ARCHER TURNER and ROBERT E. COULSON, Executors and Trustees under the Will of WILLIAM C. PEYTON,

Defendants Below, Appellees.

BERNARD PEYTON, Trustee under the Declaration of Trust, dated August 21, 1936,

Cross-Defendant Below, Appellant,

*vs.*

WILLIAM C. PEYTON CORPORATION, a corporation organized and existing under the laws of the State of Delaware, HENRY H. WEHRHANE, CLIFTON V. EDWARDS, NEVIL FORD, E. ARCHER TURNER and ROBERT E. COULSON, Executors and Trustees under the Will of WILLIAM C. PEYTON, deceased, and THE STANDARD STOKER COM-

PANY, INC., a corporation of the State of Delaware (formerly PEYTON-DUPONT SECURITIES COMPANY),

Cross-Complainants Below, Appellees.

BERNARD PEYTON,

Complainant Below, Appellant,

*vs.*

WILLIAM C. PEYTON CORPORATION, a corporation organized and existing under the Laws of the State of Delaware, ANNE DUPONT PEYTON, PEYTON-DUPONT, INC., a corporation organized and existing under the Laws of the State of Delaware, HENRY H. WEHRHANE, CLIFTON V. EDWARDS, NEVIL FORD, E. ARCHER TURNER and ROBERT E. COULSON, Executors and Trustees under the Will of WILLIAM C. PEYTON,

Defendants Below, Appellees.

BERNARD PEYTON,

Cross-Defendant Below, Appellant,

*vs.*

WILLIAM C. PEYTON CORPORATION, a corporation organized and existing under the Laws of the State of Delaware, and HENRY H. WEHRHANE, CLIFTON V. EDWARDS, NEVIL FORD, E. ARCHER TURNER and ROBERT E. COULSON, Executors and Trustees under the Will of William C. Peyton, deceased,

Cross-Complainants Below, Appellees,

and PEYTON-DUPONT, INC., a corporation existing under the Laws of the State of Delaware,

Cross-Defendant Below, Appellee.

*Supreme Court, On Appeal, August 4, 1939.*

LAYTON, C. J., RICHARDS, RODNEY, SPEAKMAN, and TERRY, JJ., sitting.

*Hugh M. Morris* and *S. Samuel Arsht,* for appellant.

*Ward & Gray* and *David F. Anderson,* for appellees.

LAYTON, Chief Justice, delivering the opinion of the court:

The question is whether the expense of the preparation and certification of the records in the causes and of the printing of the required copies of the consolidated record should be taxed as a part of the costs against the appellees.

Costs are allowances in the nature of incidental damages awarded by law to reimburse the prevailing party for expenses necessarily incurred in the assertion of his rights in court. At the common law costs were unknown. The right to recover them depends on statutory authority, express or implied. The right, therefore, to recover as costs the expense of having made up and certified a transcript of the record, and of printing papers to be used on appeal exists only when authorized by statute or rule of court enacted under authority of law. 15 *C. J.* 264, 270; 14 *Am. Jur.* 65, 66.

The appellees assert that there is no statutory direction that the expense of having made up and certified by the Register in Chancery a transcript of the records and

of having the record printed be taxed as costs against them. It is submitted that the phrase, "costs of suit", as found in *Section* 4902 of the *Revised Code of* 1935, must refer only to the schedule of fees, contained in *Section* 5348, payable to the Clerk of the Supreme Court. Such costs, it is said, are required to be taxed against the unsuccessful party, and there is no objection to the taxing of them; but they insist that there is no other provision of the statutes that in any way aids in the consideration of the question before the court.

*Section* 4902 is an ancient statute. Its language is taken from an act passed in 1829, found in the *Revised Code of* 1829 *at page* 100. *Rule* 17 of the former Court of Errors and Appeals, as adopted in 1894, provided that in case of reversal, affirmance, or dismissal, with costs, the amount paid for printing the record shall be taxed against the party against whom costs are given. Our predecessors, manifestly, construed the language of *Section* 4902 as the grant of authority at least to tax as costs matters outside of the schedule of fees payable to the clerk of the court. Whether the expense of printing the record was regarded as a part of the costs taxable as a matter of course against the unsuccessful party may be debatable when other Rules then in force are considered, although the language of the rule would seem to be mandatory. Certainly, the expense of printing the record was viewed as a necessary expense incident to a proceeding in the appellate court.

Reference to *Chapter* 270, *Volume* 27, *Delaware Laws,* approved March 26, 1913, will disclose that it was an act authorizing the appointment of a commission to investigate and report as to the means of simplifying and expediting the procedure and trial of civil and criminal causes. The fourth section vested in the Chancellor, for the Court of Chancery, and in a majority of the other State Judges,

for the Supreme Court and other courts, "full power and authority", *inter alia,* to make rules with respect to changing the forms and kinds of actions, the mode and form of pleading, and the making of regulations for the payment of costs. It was clearly the purpose of the Legislature to grant an extensive authority with respect to the payment of costs. The word, "costs", was used in a broad and comprehensive sense; and it is not to be doubted that the State Judges other than the Chancellor possess the power and authority for the Supreme Court to make rules and regulations with respect to the payment of the expense of matters customarily essential to appeals.

Subequent to the passage of the cited act, the *Rules* of this court were revised in 1917. *Rule* 7 commands the Prothonotary, Register or Clerk of the court below to transmit to the Supreme Court within the time limited by the rule a copy of the record of the cause certified under his hand and seal of office; but, by *Rule* 8, he is not bound so to do until the estimated cost shall have been paid or secured to him. *Rules* 9, 10 *and* 11 have to do with the contents of the record in Chancery causes. The Register is required to state at whose instance portions of the record were included which otherwise would have been omitted under the language of the Rules, and counsel for either party may request in writing the omission of any portion of the testimony, or any exhibits, in order that the court may award costs fairly and equitably, having consideration for the insertion in the record of such matters as are not material to a full and fair presentation of the questions to be reviewed. *Rule* 13 requires the Prothonotary, Register or Clerk to certify the expense of making up and certifying the record in accordance with *Rules* 9, 10 *and* 11. *Rule* 16 directs that there shall be but one transcript of the record in cases of cross-appeals or of more than one appeal entered in the same case from any judgment, order or decree; and it declares the power of the court to award costs,

including the printing and filing of the record, to either of the parties, or to apportion them. *Rule* 59 provides that the expense of printing the record may be taxed as a part of the costs.

*Rules* 9, 10, 11 *and* 13 would serve no practical purpose if the expense of having made up and certified the record was not to be a matter for consideration by the court in the taxation of costs. By necessary implication the Rules authorize the court to tax as costs such expense.

*Rule* 59 authorizes explicitly the taxation of the expense of printing the record as a part of the costs. The language of the Rule is permissive, and in this respect differs from *Rule* 17 of the former *Court of Errors and Appeals*. No doubt, experience demonstrated the wisdom of retaining in the court a discretionary power in dealing with the expense of printing the record, for in cases where the judgment or decree is reversed in part and affirmed in part, or modified, and, as modified, affirmed, a special consideration of the expense of printing the record is demanded in the interest of exact justice. Moreover, the court should have authority to consider and determine the reasonableness of the expense of printing records, where such expense is objected to as being excessive.

Reasonably viewed, the rules enacted under sufficient statutory authority confer on this court a discretion in the taxation as a part of the costs of the case the expense of having made up and certified a transcript of the record, and of printing the record. This discretion is, however, a legal discretion to be exercised, not capriciously or arbitrarily, but in the furtherance of justice; and keeping in mind that costs are considered as allowances made to reimburse the successful party for his expense necessarily and customarily incurred in prosecuting or defending his rights, it is reasonable that he be allowed his expense of having the record made up, certified and printed, unless his adversary

can show cause to the contrary, or the nature of the case requires an exceptional determination. The burden is not upon the appellant, as contended by the appellees, to offer a sufficient reason why the discretion of the court should be exercised in his favor. Ordinarily costs of appeal are awarded to the prevailing party; and *prima facie* such party is entitled to be reimbursed for the expense necessarily incurred by him in having the record prepared, certified and printed.

The appellees do not contend that the expense of preparing and certifying the record and of printing the record, is excessive; nor do they point out any fact or circumstance that requires a special consideration of these expenses as taxable costs. They urge that the established practice of this court is not to tax such expenses as costs. It is said that for a period of ten years only two cases have been found in which the expense of printing has been taxed as costs; that in one of the cases the printing charge was taxed against the successful party in this court; and that in the other case, while the cost of printing the record was assessed against the unsuccessful party, the expense of having made up and certified the transcript of the record was not included. From the brief of counsel it appears that the case first mentioned involved a review of a corporate election, the corporation prevailing both in the Court of Chancery and in this court. No doubt there were special considerations which moved the court. In the second case it was held by this court that the lower court had not acquired jurisdiction. Why the expense of the transcript of the record was not included as a part of the costs does not appear, and those members of this court who participated in the case have no recollection of any special fact or circumstance that caused the court to exclude the expense of the transcript, nor is it remembered that the matter was called to the courts attention. Counsel for the appellees very fairly admit that it does not appear that the parties in

either of the cases voiced any objection to the taxation of the costs. We are unable to consider the facts submitted by the appellees as showing the establishment of a practice by this court excluding the taxation of such expenses as costs, considering the language of the several rules, the inherent nature of costs and the demands of justice. We are not aware that the question has ever before been formally raised and debated; and whatever course has been followed in the past, upon reflection we are of opinion that, in the absence of a showing of facts and circumstances which would require a different determination, or that the charge for printing was exorbitant, the expense of having prepared and certified a transscript of the record, and of having the record printed, should be allowed the prevailing party as a part of the costs.

The appellees cite the case of *Decamp v. Crane*, 21 *N.J. Eq.* 544, 545, where the expense of printing the record was denied to the successful party. It would appear, however, that the basis of the decision was the fact that there was no statutory authority for the inclusion of the expense as a part of the costs.

In order that the court and the adverse party may be informed of the expense of having the record printed, a proper practice would require the filing of a motion setting forth the necessary facts, and an order by the court directing the clerk to set forth in the mandate the several amounts allowed as costs.

It is, therefore, ordered that in each of the causes the one-half part of the expense of printing the consolidated record, the Register's charge in each case for making up and certifying the record, and other costs, amounting in each case, to the sum of $25.66, be included as costs chargeable against and payable by the appellees except Anne du-Pont Peyton, she being in no sense an adverse party against whom costs should be taxed.