## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| BARRY SMITH and CORRINA SMITH, | ) ) ) |
| Plaintiffs, | ) ) ) ) ) |
| v. | ) C.A. No. N13C-03-252 FWW ) ) |
| PAUL J. RENZI MASONRY, d/b/a RENZI MASONRY and DEWSON CONSTRUCTION COMPANY, INC., a Delaware Corporation | ) ) ) ) ) |
| Defendants. | ) ) |

Submitted: February 11, 2016
Decided: March 24, 2016

Upon Plaintiffs' Motion to Recover Costs

**GRANTED, in part, DENIED, in part.**

## OPINION AND ORDER

Timothy A. Dillon, Esquire, McCann & Wall, LLC, 300 Delaware Ave., Suite 805, Wilmington, Delaware 19801, Attorney for Plaintiffs.

Kevin J. Connors, Esquire, Marshall Dennehey Warner Coleman & Goggin, Nemours Building, 1007 N. Orange St., Suite 600, P.O. Box 8888, Wilmington, Delaware, 19899, Attorney for Defendant Paul J. Renzi Masonry d/b/a Renzi Masonry.

**WHARTON, J.**

## I. Introduction

Before the Court is Plaintiffs' Motion for Costs following a jury trial during which the jury awarded Plaintiffs damages to be paid by Defendant Renzi Masonry d/b/a Renzi Masonry. In total, Plaintiffs request $25,786.79 in costs related to the action. The Court applies Super. Ct. Civ. R. 54 and 10 *Del. C.* § 8906 and finds that Plaintiffs are entitled to collect $11,152.78. Therefore, Plaintiffs' Motion is **GRANTED**, in part, and **DENIED**, in part.

## II. Factual and Procedural Background

A jury trial was held in this case from January 4, 2016 through January 13, 2016.[1] The jury found that Paul J. Renzi Masonry d/b/a Renzi Masonry ("Renzi") was negligent and that Renzi's negligence was a proximate cause of Barry Smith's injuries. The jury also found that Dewson Construction was negligent but its negligence was not a proximate cause of Barry Smith's injuries. The jury awarded compensatory damages in the amount of $640,000 to Barry Smith and $80,000 to Corrina Smith for loss of consortium.[2]

On January 21, 2016, Plaintiffs filed a Motion to Recover Costs pursuant to Super. Ct. Civ. R. 54.[3] Renzi acknowledges that Plaintiffs are entitled to recover the following costs:

---

[1] D.I. 139.
[2] D.I. 140.
[3] D.I. 141.

2

a. Complaint filing fee - $195;

b. Service of process fee - $60;

c. Trial fee - $150;

d. Videographer/court reporter services for video trial deposition of Dr. C. Obi Onyewu - $622;

e. Videographer/court reporter services for video trial deposition of Dr. Pawan Rastogi - $507; and

f. Videographer/court reporter services for video trial deposition of Rosalyn Pierce - $622.[4]

Renzi claims that Plaintiffs are not entitled to recover the remaining costs which are:

a. Expert witness fee for video trial deposition of Dr. C. Obi Onyewu - $6,000;

b. Expert witness fee for video trial deposition of Dr. Pawan Rastogi - $2,500;

c. Expert witness fee for video trial deposition of Rosalyn Pierce - $3,211.15;

d. Live trial testimony of expert Brent Leisenring, P.E. - $7,090.88;

e. Live trial testimony of expert Andrew Verzilli, M.B.A. - $1,750;

f. Creating and editing custom visual aids for trial - $960;

g. Travel expenses for deposition of Dr. Steven Valentino, D.O. - $36.18;

---

[4] Def.'s Response Br., D.I. 146, at Ex. 1.

3

h. Transcript of Dr. C. Obi Onyewu's video trial deposition - $827.68;

i. Transcript of Dr. Pawan Rastogi's video trial deposition - $690.40; and

j. Transcript of Rosalyn Pierce's video trial deposition - $564.00.

### III. Standard of Review

Pursuant to Super. Ct. Civ. R. 54(d), "costs shall be allowed as of course to the prevailing party upon application to the Court within ten (10) days of the entry of final judgment unless the Court otherwise directs." Additionally, "[f]ees for expert witnesses testifying on deposition shall be taxed as costs pursuant to 10 Del.C. § 8906 only where the deposition is introduced into evidence."[5] Under 10 Del. C. § 8906, "[t]he fees for witnesses testifying as experts...shall be fixed by the Court in its discretion..."

### IV. Discussion

Plaintiffs have submitted their experts' bills to the Court to support Plaintiffs' requests for costs. After reviewing the documentation, it appears that many of the experts charged a flat fee for their services. The absence of additional information regarding the experts' services puts the Court in the difficult position of determining whether or not the costs Plaintiffs request are reasonable. Despite

---

[5] Super. Ct. Civ. R. 54(h).

recognizing that Plaintiffs bear the burden of substantiating their request for costs, it is not appropriate to deny Plaintiffs' Motion in its entirety. Instead, the Court has engaged in the cumbersome process of weighing various experts' credentials across various professions to attribute each expert with an appropriate hourly rate.

A. *Fee for Video Trial Deposition of Dr. Onyewu and Dr. Rastogi*

Plaintiffs request $6,000 for Dr. Onyewu's videotaped deposition testimony and $2,500 for Dr. Rastogi's videotaped deposition testimony. It appears that both Doctors charge a flat fee for their deposition testimony. Dr. Onyewu testified for approximately two hours and seventeen minutes and Dr. Rastogi testified for approximately one hour and twenty minutes. Renzi claims that both fees are excessive.[6]

"[T]he expert's fee that is recoverable as a cost of litigation is limited to the time necessarily spent in actual attendance upon the Court for the purpose of testifying."[7] Attendance includes the time required to travel to and from the courthouse, time spent in the courthouse while waiting to testify and testifying.[8] There is no fixed formula for evaluating medical expert witness fees.[9] Instead, the Court has routinely accepted as reasonable the ranges identified in a 1995 study performed by the Medical Society of Delaware's Medico-Legal Affairs Committee

---

[6] Def.'s Response Br., at ¶ 5.
[7] *State ex rel. Price v. 0.0673 Acres of Land,* 224 A.2d 598, 602 (Del.1966).
[8] *State ex rel. State Hwy. Dep't v. Lots Nos. 133, 134, and 135, Block 1, of Concord Heights,* 238 A.2d 837, 838-39 (Del. 1968).
[9] *Foley v. Elkton Plaza Assoc., LLC,* 2007 WL 959521, at *2 (Del. Super. Mar. 30, 2007).

5

as a guideline and has adjusted for inflation.[10] In 1995, "…a reasonable range of fees for court appearances was from $1,300 to $1,800 per half day. For depositions a range of $500 to $900 for a two hour deposition was given as a guideline with a $150 to $250 charge for each additional half hour."[11]

The Court takes notice that since the study was released, the medical care consumer price index has grown by approximately 211.70% as of December 2015 according to the U.S. Bureau of Labor Statistics.[12] Based upon that growth rate, the appropriate medical expert fee ranges are: $2,752.10 - $3,810.60 for a half day court appearance; $1,058.50 - $1,905.30 for a two hour deposition; and $317.55 - $529.25 for each additional half hour. Dr. Onyewu and Dr. Rastogi testified via videotaped deposition and Plaintiffs did not present information regarding time the Doctors spent traveling to and from the depositions or expenses each Doctor incurred. The Court finds that a reasonable fee for each Doctor's two hour videotaped deposition is $1,500. The fee shall be pro-rated for the time each Doctor spent testifying on video. Because Dr. Onyewu testified for approximately two hours and seventeen minutes, Plaintiffs shall collect $1,725 for his testimony.

---

[10] See, e.g., Foley, 2007 WL 959521, at * 2 (Del. Super. Mar. 30, 2007); Midcap v. Sears, Roebuck and Co., 2004 WL 1588343, at *3 (Del. Super. May 26, 2004); Clough v. Wal-Mart Stores, Inc., 1997 WL 719314, at *1 (Del. Super. Sept. 9, 1997).

[11] Clough, 1997 WL 719314, at *1.

[12] The Court compounded the average annual percentage increases in the consumer price index for the medical care sector from January 1995 through December 2015 by using the calculator provided by the U.S. Department of Labor, Bureau of Labor Statistics, available at http://data.bls.gov/timeseries/CUUR0000SAM?output_view=pct_12mths. (last visited March 23, 2016).

Because Dr. Rastogi testified for approximately one hour and twenty minutes, Plaintiffs shall collect $975 for his testimony.

B. *Fee for Video Trial Deposition of Rosalyn Pierce*

Plaintiffs request $3,211.15 for the video trial deposition of Rosalyn Pierce, Plaintiffs' vocational rehabilitation expert. Ms. Pierce's bill is itemized as follows: $2,399 for "trial & deposition testimony;" $250 for "pre-trial preparation;" $250 per hour for two hours of "travel;" $60 for "mileage;" $2.15 for "tolls." Ms. Pierce testified via videotaped deposition for approximately one hour and forty-five minutes. Ms. Pierce holds a Bachelor of Science in Rehabilitation Counseling and has pursued additional education in that field, including earning various professional certifications.[13] She has held teaching positions in her field and has been working in the field of rehabilitation for over forty years.[14] Renzi asserts that the amount requested for Rosalyn Pierce's testimony includes unrecoverable preparation time and is excessive.[15]

Plaintiffs are entitled to recover for the time Ms. Pierce spent traveling to and from the deposition, time Ms. Pierce spent waiting to testify and the time she spent testifying.[16] Therefore, Plaintiffs shall recover $250 per hour for two hours of travel time, $60 for mileage and $2.15 for tolls. Plaintiffs are not entitled to

---

[13] Rosalyn Pierce Tr., D.I. 153, Lodging Part 6: Trial Testimony by Video, 6:7-7:17.
[14] *Id.* at 8:25-9:25.
[15] Def.'s Response Br., at ¶5.
[16] *Concord Heights*, 238 A.2d at 838-39.

recover costs for Ms. Pierce's preparation time.[17] Therefore, Plaintiffs may not recover $250 attributed to "pre-trial preparation." Ms. Pierce's flat fee of $2,399 for approximately two hours of testimony results in an hourly rate of approximately $1,200 per hour. Based upon Ms. Pierce's education and professional experience, the Court finds that amount is excessive and determines that the appropriate hourly fee for Ms. Pierce's testimony is $450 per hour. Plaintiffs are entitled to recover $900 for her videotaped trial deposition. In total, Plaintiffs shall recover $1,462.15 for Ms. Pierce's deposition and related expenses.

C. *Fee for Live Trial Testimony of Brent Leisenring, P.E.*

Plaintiffs request $7,090.88 for the live trial testimony of expert Brent Leisenring, P.E. The bill Plaintiffs submitted to the Court itemizes Mr. Leisenring's charges as follows: $1,500 for "trial preparation" on January 5, 2016; $2,250 for "trial preparation" on January 6, 2016; $3,000 for "travel[ing] to/from Wilmington for trial, preparation with Attorney Dillon, and testify[ing] at trial;" $256.25 for "research;" $15.68 for "parking;" and $68.95 for "mileage." Mr. Leisenring traveled from Lancaster, Pennsylvania to Wilmington, Delaware and testified before the Court for approximately four hours. Renzi asserts that the amount requested includes unrecoverable preparation time and is excessive.[18]

---

[17] *See Lockwood v. Wyatt*, 2006 WL 2338049, at * 1 (Del. Super. July 20, 2006)(excluding fees for expert witness trial preparation).
[18] Def.'s Response Br., at ¶5.

8

Plaintiffs are entitled to recover for the time Mr. Leisenring spent traveling to and from the courthouse, the time Mr. Leisenring spent in the courthouse while waiting to testify and the time Mr. Leisenring spent testifying.[19] Plaintiffs are not entitled to recover costs for the Mr. Leisenring's preparation time.[20] This includes time spent researching. Therefore, the Court must exclude: $1,500 for "trial preparation" on January 5, 2016; $2,250 for "trial preparation" on January 6, 2016; and $256.25 for "research."

The bill reflects that Mr. Leisenring charged Plaintiffs $375 per hour and he spent eight hours "travel[ing] to/from Wilmington for trial, preparation with Attorney Dillon, and testify[ing] at trial." Based upon Mr. Leisenring's education and experience, $375 per hour is a reasonable fee. Although the bill includes "preparation with Attorney Dillon," the Court finds that time was de minimis. It is reasonable to conclude that Mr. Leisenring spent two hours each way traveling between Lancaster, Pennsylvania and Wilmington, Delaware for a total of four hours. Additionally, Mr. Leisenring spent four hours testifying in Court. Therefore, Plaintiffs shall recover $3,000 for Mr. Leisenring's live trial testimony plus $15.68 for "parking" and $68.95 for "mileage" for a total of $3,084.63.

D. *Fee for Live Trial Testimony of Andrew Verzilli, M.B.A.*

Plaintiffs request costs for the live trial testimony of their economic expert,

---

[19] *Concord Heights*, 238 A.2d at 838-39.
[20] *See* case cited *supra* note 17.

Andrew Verzilli, M.B.A. Mr. Verzilli's bill to Plaintiffs shows only that Plaintiffs paid a lump sum of $1,750 for "Trial and Testimony." Renzi claims that the fee is excessive.[21]

Mr. Verzilli holds a Bachelor of Business Administration as well as a Masters of Business Administration.[22] For the past 25 years, Mr. Verzilli has worked in a consulting practice that analyzes a plaintiff's lost earning capacity after an accident or injury.[23] He has taught in the field of economics and also belongs to professional organizations.[24] Mr. Verzilli traveled from Philadelphia, Pennsylvania to Wilmington, Delaware and testified before the Court for approximately one hour.

Plaintiffs have provided no evidence to the Court regarding Mr. Verzilli's time spent traveling, time spent waiting to testify or related expenses such as mileage and parking. Therefore, the Court finds that four hours is a reasonable amount of time for traveling to the courthouse, waiting to testify and testifying. Based upon Mr. Verzilli's education and experience, the Court finds that a reasonable hourly rate for Mr. Verzilli's services is $450 per hour. Therefore, Plaintiffs shall collect the full amount requested for Mr. Verzilli's fee of $1,750.

E. *Creating and Editing Custom Visual Aids for Trial Fee*

---

[21] Def.'s Response Br., at ¶5.
[22] Andrew Verzilli's Tr., D.I. 153, Lodging Part 4: January 7, 2016, at 183:22-184:14.
[23] *Id.* at 184:15-185:15.
[24] *Id.* at 187: 2-188:6.

Plaintiffs request $960 for producing ten boards that contained excerpts of specific witness's testimony that Plaintiffs' counsel used as an aid during trial. Renzi asserts that Plaintiffs' request for fees for the visual aids are not recoverable because they were not "necessarily incurred."[25] "The cost of presenting trial exhibits at trial is traditionally borne by the party presenting the evidence.[26] A prevailing party may be awarded costs on the principle that costs "are allowances in the nature of incidental damages ... to reimburse the prevailing party for expenses *necessarily incurred* in the assertion of his rights in court."[27] The Court has held where "enlargements [a]re made for the use of the party and not for use by the court," the costs of the enlargements are not "necessarily incurred."[28] Because the Court finds that Plaintiffs' enlargements were used to emphasize specific evidence for the jury and were not for use by the Court, Plaintiffs shall not recover the costs of the enlargements.

F. *Travel Expenses for Deposition of Dr. Steven Valentino, D.O.*

Plaintiffs assert that they are entitled to recover $36.18 for the mileage Plaintiffs' counsel amassed while traveling to the deposition of Defendants' medical expert, Dr. Steven Valentino, D.O. Renzi argues that Plaintiffs' request

---

[25] Def.'s Response Br., at ¶¶ 7-8.
[26] *See Sweren v. Sheehy*, 2001 WL 1783076, at n. 4(Del. Super. Dec. 12, 2001)(citing *Sliwinski v. Duncan*, Del. Supr., No. 261, 1991, Christie, C. J. (June 15, 1992) (ORDER)).
[27] *Donovan v. Del. Water and Air Res. Comm'n*, 358 A.2d 717, 723 (Del. 1976)(quoting *Peyton v. William C. Peyton Corp.*, Del. Supr., 23 Del.Ch. 365, 8 A.2d 89 (1939))(emphasis in original).
[28] *Kerr v. Onusko*, 2004 WL 2744607, at *2 (Del. Super. Oct. 20, 2004)(citing *Maconi v. Price Motorcars*, 1993 WL 542571, at * 2 (Del. Super. Dec. 1, 1993)).

11

for mileage fees for Plaintiffs' counsel's travel to the deposition of Dr. Valentino is not recoverable. Renzi asserts that Plaintiffs' counsel traveled only thirty-five miles to the deposition which is less than the mileage from Wilmington, Delaware to Dover, Delaware, and the need to obtain out-of-state medical experts is commonplace due to the small medical community in Delaware.[29] The Court agrees with Renzi. Plaintiffs shall not recover the mileage expenses for traveling to the deposition of Dr. Valentino.

G. *Transcripts of Dr. Onyewu's Video Trial Deposition, Dr. Rastogi's Video Trial Deposition and Rosalyn Pierce's Video Trial Deposition*

Plaintiffs request to recover $827.68 for the transcript of Dr. Onyewu's video trial deposition; $690.40 for the transcript of Dr. Rastogi's video trial deposition; and $564.00 for the transcript of Rosalyn Pierce's video trial deposition. Renzi contends that the costs of the transcripts are not recoverable because the experts' depositions were introduced into evidence via video at trial.[30]

Generally, a plaintiff may recover the cost of transcribing a deposition that was introduced as evidence at trial.[31] However, the Court has held that where the expert testified at trial via videotape, transcription of the expert's testimony is duplicative for purposes of recovering the transcription cost.[32] Because the Dr.

---

[29] Def.'s Response Br., at ¶¶ 7-8.
[30] *Id.* at ¶ 5.
[31] *See* Super. Ct. Civ. R. 54(f)("The fees paid court reporters for the Court's copy of transcripts of depositions shall not be taxable costs unless introduced into evidence...").
[32] *Cimino v. Cherry*, 2001 WL 589038, at *2 (Del. Super. May 24, 2001)(quoting *Cubberly v.*

Rastogi and Rosalyn Pierce testified via videotaped deposition at trial, allowing Plaintiffs to recover for the deposition transcripts would be duplicative. Therefore, Plaintiffs shall not recover the transcription costs associated with these experts' depositions.

## V.  Conclusion

In *Payne v. Home Depot*, 2009 WL 659073 (Del. Super. Mar. 9, 2009), the Court admonished counsel for counsel's motion for costs:

> Because even a cursory perusal of the relevant statutory sections and case law should have alerted Plaintiffs counsel that its motion requests numerous unrecoverable expenses, the Court suspects that Plaintiffs counsel chose to submit all of the trial experts' total invoice amounts and rely upon opposing counsel and the Court to identify the recoverable portions. Counsel is cautioned that this approach is highly disfavored. Quite simply, a motion for costs is not an opportunity for the prevailing party to 'throw everything at the wall' (or, more to the point, at the opposing party) and see what sticks. In particular, if full invoice amounts are submitted upon a motion for costs without adequate itemization, the Court may decline to award costs.[33]

It is clear to the Court that Plaintiffs' counsel has abdicated his responsibility to substantiate his Motion for Costs because Plaintiffs' counsel has failed to provide appropriate factual support for the costs he has requested. Furthermore, Plaintiffs' counsel has not applied any legal principles to identify which amount of the

---

*Orr*, 1995 WL 654144, at *2 (Del. Super. Oct. 24, 1995).
[33] *Payne v. Home Depot*, 2009 WL 659073, at n. 29 (Del. Super. Mar. 12, 2009).

requests are legally recoverable and which are barred. Plaintiffs' counsel, instead, treated the Motion for Costs as a mere conduit through which to submit to the Court Plaintiffs' experts' bills leaving the Court with the burdensome task of searching the record to determine what, if any, support exists for the requested costs. As the Court noted in *Payne*, the Court finds that this practice is "highly disfavored" and significantly falls short of the Court's expectations for counsel presenting a motion for costs.

The Court finds that Renzi does not object to Plaintiffs' request of $2,156 in costs. Plaintiffs' Motion is **GRANTED** as to that amount. The Court also finds that the following additional fees are reasonable:

     a. Fee for video trial deposition of Dr. Onyewu - $1,725;

     b. Fee for video trial deposition of Dr. Rastogi - $975;

     c. Fee for video trial deposition of Rosalyn Pierce - $1,462.15;

     d. Fee for live trial testimony of Brent Leisenring, P.E. - $3,084.63;

     e. Fee for live trial testimony of Andrew Verzilli, M.B.A. - $1,750;

     f. Fee for creating and editing custom visual aids for trial - $0;

     g. Travel expenses for deposition of Dr. Valentino - $0;

     h. Fee for Dr. Onyewu's video trial deposition transcript - $0;

     i. Fee for Dr. Rastogi's video trial deposition transcript - $0; and

14

j. Fee for Rosalyn Pierce's video trial deposition transcript- $0.

Therefore, Plaintiff shall collect $11,152.78 in total and Plaintiffs' Motion for Costs is **GRANTED**, in part, and **DENIED**, in part.

**IT IS SO ORDERED.**

_____
Ferris W. Wharton, Judge