COURT OF CHANCERY
OF THE
STATE OF DELAWARE

MORGAN T. ZURN
MASTER IN CHANCERY

LEONARD L. WILLIAMS JUSTICE
CENTER
500 NORTH KING STREET, SUITE 11400
WILMINGTON, DE 19801-3734

Final Report: August 23, 2018

Donald L. Gouge, Jr., Esquire
Donald L. Gouge, Jr., LLC
800 N. King Street, Suite 303
Wilmington, DE 19801

Roland L. Davenport, II
39 East McCaulley Court
Wilmington, DE 19801

      Re:   *McCaulley Court Maintenance Corp. v. Roland L. Davenport, II*
            C.A. No. 2017-0726-MTZ

Dear Counsel and Litigant:

In this deed restriction case, Petitioner McCaulley Court Maintenance

Corporation ("Petitioner") has obtained a default judgment pursuant to which

Respondent Ronald L. Davenport, II ("Respondent") must remove any window air

conditioning units from his residence. Pending before me is Petitioner's motion

for attorneys' fees and costs.

Under the so-called American Rule, each party is responsible for its own

legal fees. There are several recognized exceptions, including where fees are

authorized by statute.[1] In deed restriction cases, 10 *Del. C.* § 348 provides a

---

[1] *Arbitrium (Cayman Is.) Handels AG v. Johnston,* 705 A.2d 225, 231 (Del. Ch. 1997).

statutory authorization for fee-shifting. Subsection (e) of that statute states, "The nonprevailing party *at a trial held pursuant to the provisions of this section* must pay the prevailing party's attorney fees and court costs, unless the court finds that enforcing this subsection would result in an unfair, unreasonable, or harsh outcome."[2] This Court cannot second-guess the plain language of the statute.[3]

There has been no trial in this matter. Rather, Petitioner obtained a default judgment after Respondent failed to appear at mediation, failed to answer the complaint, and failed to respond to Petitioner's motion for default judgment and to appear at the hearing on that motion. Section 348's narrow statutory exception to the American Rule, which requires prevailing "at a trial," does not apply in this case.

Petitioner also seeks costs under Court of Chancery Rule 54(d). "As has long been recognized by our courts, '[a]t the common law costs were unknown. The right to recover them depends on statutory authority, express or implied.'"[4] Rule 54(d) provides the Court authority to shift costs "as of course to the prevailing party unless the Court otherwise directs."[5]

---

[2] 10 *Del. C.* § 348(e) (emphasis added).
[3] *Swann Keys Ass'n v. Shamp*, 2008 WL 4698478, at *1 (Del. Ch. Oct. 10, 2008).
[4] *Comrie v. Enterasys Networks, Inc.*, 2004 WL 936505, at *4 (Del. Ch. Apr. 27, 2004) (quoting *Peyton v. William C. Peyton Corp.*, 8 A.2d 89, 91 (Del. 1939)).
[5] Ct. Ch. R. 54(d).

> Case law under Rule 54 explains that costs are allowances in the nature of incidental damages awarded by law to reimburse the prevailing party for expenses necessarily incurred in the assertion of his rights *in court*. An allowance of *court* costs does not amount to an attempt by the court to fully compensate a litigant for all the expenses the litigant incurred.[6]

"Courts have interpreted 'costs' to include expert witness fees that are covered by statute, court filing fees, and the usual and customary costs incurred in serving of process."[7] Items such as computerized legal research, transcripts, and photocopying are not recoverable.[8]

Petitioner is the prevailing party under Rule 54(d), and has requested $706.52 in costs. The requested costs include filing fees and customary costs in serving of process, which are properly shifted under Rule 54(d). The requested costs also include $156.57 to pay the mediator's fee.[9]

Mediation is mandatory in Section 348 deed restriction cases.[10] But "[a] successful litigant is not entitled to reimbursement under Chancery Rule 54(d) merely because the expenditure was necessary to the prosecution … of the case."[11]

---

[6] *Dewey Beach Lions Club v. Longacre*, 2006 WL 2987052, at *1 (Del. Ch. Oct. 11, 2006) (internal quotations and citations omitted) (emphasis added).

[7] *Id.* (citing 10 *Del. C.* § 8906).

[8] *Gaffin v. Teledyne, Inc.,* 1993 WL 271443, at *1-2 (Del. Ch. (July 15, 1993).

[9] I presume this is the Petitioner's share of the mediator's fee, and that the mediator has separately billed Respondent for his share. But this presumption does not affect my analysis.

[10] 10 *Del. C.* §§ 348(a), (c), (d).

[11] *Gaffin*, 1993 WL 271443, at *1.

The mediator's fee is dissimilar from service of process fees and filing fees, which are required to assert a party's rights *in court*.[12] I conclude the mediator's fee is not a "cost" under Rule 54(d). It is more akin to an expert's fee, which may only be shifted due to additional statutory authority pursuant to 10 *Del. C.* § 8906.[13] No such separate statute exists to shift a mediator's fee.

Even if a mediator's fee were a "cost," the Court would have some discretion in awarding it. Rule 54(d) states costs shall be awarded "unless the Court otherwise directs." I consider the request for the mediator's fee in the context within which it is made, in a Section 348 case. Then-Vice Chancellor Strine described Section 348 as a "very unusual and prescriptive statute, which imposes a number of onerous requirements on parties and this court in deed restriction enforcement cases between homeowner associations and residents."[14] He went on, "Until § 348 is amended, the reality is that this court will be required to enter a fee shifting order in a variety of cases in which the court would ordinarily conclude that each side should bear not only its own attorneys' fees, but

---

[12] *See Dewey Beach Lions Club*, 2006 WL 2987052, at *1-2.

[13] *See, e.g.*, *Miles, Inc. v. Cookson Am.*, 1995 WL 214397, at *1 (Del. Mar. 24, 1995) (providing that Section 8906 creates an exception to the American Rule shifting only the fee for the time necessarily spent in court for the purpose of testifying); *Dewey Beach Lions Club*, 2006 WL 2987052, at *1 n.4 ("Fees outside the statute are not recoverable.").

[14] *Swann Keys*, 2008 WL 4698478, at *1.

its own costs."[15]  I agree that Section 348 forces the Court to place a finger on the scales in deed restriction cases in a manner the Court avoids in other cases where there is no bad faith.  Under the discretion afforded by Rule 54(d), even if the mediator's fee were a "cost," I would decline to further weight the scales by shifting that fee.

I therefore recommend the Court award Petitioner $549.95 in costs, but not its attorneys' fees or the mediator's fee.  This is a final report pursuant to Court of Chancery Rule 144.

Respectfully,

/s/ Morgan T. Zurn

Master in Chancery

---

[15] *Id.* at *2.